# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2159

_____

Lamont E. Owens,                               *
                                               *
              Appellant,                       *
                                               *
       v.                                      *
                                               *   Appeal from the United States
Dave Dormire; Jeremiah (Jay) W.                *   District Court for the
Nixon, Attorney General, State of             *   Western District of Missouri.
Missouri,                                      *
                                               *
              Appellees.                       *

_____

Submitted:  September 16, 1999

Filed:  December 15, 1999

_____

Before RICHARD S. ARNOLD, FLOYD R. GIBSON, and LOKEN, Circuit Judges.

_____

FLOYD R. GIBSON, Circuit Judge.

Lamont Owens appeals the district court's[1] denial of his petition for habeas corpus pursuant to 28 U.S.C. § 2254.  Owens argues that the district court erred in

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

denying his claim of ineffective assistance of trial counsel. For the reasons set forth below, we affirm.

## I.    BACKGROUND

The following facts are taken primarily from the opinion of the Missouri Court of Appeals. On February 8, 1989, Lance Turner and his cousin, Darren Norton, arranged with Brenda Taylor to sell crack cocaine from her apartment in the Riverview housing project in Kansas City, Missouri. In exchange for the use of her apartment, Taylor received $100 a day and some crack cocaine from Turner and Norton. Turner and Norton secured a supply of cocaine and a gun, for "protection," and began to sell cocaine out of Taylor's kitchen to customers who drove by. Two women made the outside sales, earning a $20 commission from every $100 received.

Taylor became dissatisfied with her payment arrangement with Turner and Norton. Taylor colluded with Darren Jacobs to rob Turner and Norton of their drugs, money and jewelry. Jacobs was the leader of the "Riverview Posse," a drug gang operating in the Riverview housing projects. Jacobs recruited three other gang members to commit the robbery. The recruits were the defendant, Lamont Owens, Joseph Burns and Mikkus Taylor . At his apartment, Jacobs furnished Owens, Burns and Mikkus Taylor with ski masks and weapons to use in the robbery. Jacobs provided Owens with a 9 mm. handgun, Mikkus Taylor with a shotgun, and Burns with a .38 pistol from the trunk of Jacobs' car.

Jacobs returned to Taylor's apartment prior to the robbery. The plan then called for Owens, Burns and Mikkus Taylor to forcibly enter Taylor's apartment and rob everyone, including Jacobs, at gunpoint. Jacobs was to be treated as the other victims so that Turner and Norton would not suspect Jacobs's involvement. When Owens, Burns and Mikkus Taylor entered Taylor's apartment, however, Turner and Norton had just left through the back door. Turner and Norton were intending to leave the

2–

Riverview housing project and were heading to Norton's car when Norton was killed by a shotgun blast to the back of the head. Turner was shot seven times in the leg, arm, stomach and underarm by a pistol.

Police, upon their arrival several minutes later, found Norton dead in the street. Turner was found, half-conscious, leaning against Norton's car. On the side of Taylor's apartment, someone had spray-painted "RVP," for "Riverview Posse." Following an investigation, Burns was taken into police custody. Owens, Jacobs and Mikkus Taylor were subsequently taken into custody.

Owens was charged with one count of second-degree murder, four counts of armed criminal action, two counts of attempted first-degree robbery, and one count of first-degree assault. On February 23, 1990, a Jackson County Circuit Court jury convicted Owens on all counts. Owens was sentenced to concurrent and consecutive sentences totaling 80 years imprisonment.

Following his trial, Owens filed a Missouri Supreme Court Rule 29.15 motion for post-conviction relief. The motion court denied Owens's motion. Owens then took a consolidated appeal from his convictions and the denial of post-conviction relief. The Missouri Court of Appeals affirmed the lower court's judgments in State v. Owens, 849 S.W.2d 581 (Mo. Ct. App. 1993).

Owens filed his federal habeas corpus petition on March 6, 1997. On April 1, 1998, the district court denied the petition. Thereafter, the district court also denied Owens's request for a certificate of appealability pursuant to 28 U.S.C. § 2253(c) (Supp. III 1997). Owens next sought a certificate of appealability from this Court, which we granted as to one issue: whether Owens's trial counsel was ineffective for failing to locate and present a potentially exculpatory witness at Owens's trial.

## II.    DISCUSSION

We review the district court's findings of fact for clear error and its conclusions of law de novo . See Bounds v. Delo, 151 F.3d 1116, 1118 (8th Cir. 1998). "In conducting habeas review, [we are] limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991)). Owens contends that he received constitutionally ineffective assistance from his trial counsel, in violation of the Sixth Amendment. To prevail on an ineffective assistance of counsel claim, a petitioner must "show that counsel's performance was deficient . . . [and] that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). The "performance" prong of Strickland requires a showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688. The "prejudice" prong of Strickland requires a showing that "the decision reached would reasonably likely have been different absent the errors." Id. at 696.

We review state court decisions under the deferential standard mandated by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). See 28 U.S.C. § 2254(d)(1) (Supp. III 1997).[2] Under AEDPA, "[w]e may not grant habeas relief on a claim that was adjudicated on the merits in state court unless it 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" James v. Bowersox, 187 F.3d 866, 869 (8th Cir. 1999) (quoting 28 U.S.C. § 2254(d)(1)).[3]

---

[2]Owens filed his habeas petition on March 6, 1997. Therefore, it was timely under AEDPA's one-year limitations period. See Nichols v. Bowersox, 172 F.3d 1068, 1073 (8th Cir. 1999) (en banc). Further, the provisions of AEDPA which altered the substantive standard by which federal courts review state court determinations of law apply to this case because Owen's habeas petition was filed after April 24, 1996, AEDPA's effective date. See Lindh v. Murphy, 521 U.S. 320, 336 (1997).

[3]On April 5, 1999, the Supreme Court granted a writ of certiorari to resolve a disagreement among the Circuit Courts of Appeal as to the proper interpretation of AEDPA's phrases "contrary to" and "unreasonable application of." See Williams v.

4–

Therefore, we will not grant Owens's habeas petition unless the state court's decision in this case was contrary to, or an unreasonable application of, the standard articulated by the Supreme Court in Strickland.

Owens claims his trial counsel failed to interview and call Pamela Douglas, a potentially exculpatory witness, after being given the witness's name and location by Owens. Douglas testified at the trial of Owens's co-defendant, Darren Jacobs, two months before Owens's trial. Douglas testified that, approximately 50 minutes before Norton's murder on February 8, 1989, she witnessed three men walking down the sidewalk in the Riverview housing project. Douglas identified one of the men as Joe Burns and stated that Burns was carrying a "long, big gun." Douglas testified that neither Darren Jacobs, Mikkus Taylor, nor Owens were with Burns at the time.

In conducting its Strickland review, the state court noted that an ineffective assistance of counsel claim which is based on a failure to call a witness is refuted by a finding that counsel was unaware of the existence of the witness. The state court expressly found that Owens did not request that Douglas be called as a witness. State court findings of fact are entitled to a presumption of correctness. See 28 U.S.C. 2254(e)(1) (Supp. III 1997). Owens bears the burden of rebutting the presumption of correctness by clear and convincing evidence. Id. Owens has failed to meet this burden. He has not presented clear and convincing evidence that he informed trial counsel of the existence and availability of Douglas as a potential witness. We do not find the state court's decision to be contrary to, or an unreasonable application of, Strickland. See United States v. Davidson, 122 F.3d 531, 538 (8th Cir. 1997) (trial counsel's failure to call a witness whom the defendant had not asked him to interview does not constitute ineffective assistance of counsel).

---

Taylor, __ U.S. __, 119 S.Ct. 1355 (1999).

Owens also argues that, even if he failed to inform trial counsel of Douglas's potential as a defense witness, trial counsel rendered constitutionally ineffective assistance by failing to conduct a reasonable investigation. Owens contends that trial counsel would have discovered Douglas had he reviewed the transcripts of Darren Jacobs's trial. Owens argues that trial counsel's failure to review available trial transcripts of a co-defendant's trial constitutes deficient performance under the first prong of Strickland.

Owens alleges that he has also established the prejudice prong of Strickland. Owens claims that, had trial counsel properly called Douglas as a witness and had Douglas's testimony been the same as that presented at Darren Jacobs's trial, the outcome of the trial would have been different. Owens contends that the jury would have acquitted him if they had the benefit of Douglas's testimony excluding him from a group of men she observed walking down the street fifty minutes before the murder occurred. Therefore, Owens argues that he has satisfied both the performance and prejudice prongs of Strickland and is entitled to habeas relief. We disagree.

We concede that trial counsel's failure to read a co-defendant's trial transcripts may constitute deficient performance under Strickland. However, we find it unnecessary to decide the issue because Owens has failed to establish prejudice under the second prong of Strickland. See Strickland, 466 U.S. at 697 ("a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies "). Owens has failed to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Douglas's testimony, if believed by the jury, would prove only that Owens was not with one of the other co-defendants some fifty minutes before the attempted

6–

robbery and murder took place.[4] Given the evidence of Owens's guilt presented at trial, we find that he has failed to establish prejudice. Even if the jury would have heard, and credited, Douglas's testimony, we find that the result of the trial would have not have been different.

For the foregoing reasons, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

---

[4]We note that Douglas's testimony at Darren Jacobs's trial did not result in Jacobs's acquittal.