# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1552

_____

| | | |
|---|---|---|
| Jack L. Losee, Jr., | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Southern |
| v. | * | District of Iowa. |
| | * | |
| State of Iowa, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: January 12, 2001

Filed: January 23, 2001

_____

Before RICHARD S. ARNOLD, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

An Iowa jury convicted Jack L. Losee, Jr. of two counts of first-degree murder and he was sentenced to life in prison. After his unsuccessful pursuit of state-court remedies, see State v. Losee, 354 N.W.2d 239 (Iowa 1984), Losee filed this 28 U.S.C. § 2254 habeas petition, and the district court denied relief. Losee raises one issue on appeal. He asserts his trial attorney ineffectively assisted him in deciding to call a psychologist as a witness. In response to a hypothetical question on cross-examination, the psychologist testified Losee's personality profile conducted four years earlier was

associated "with poorly-executed crimes that exhibit a great deal of savagery and homicidal intents."

To prevail on his ineffective assistance claim, Losee must show both that his attorney's performance fell below an objective standard of reasonableness and that the deficient performance actually prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1994). Applying Strickland, the Iowa Supreme Court rejected Losee's ineffective assistance claim on the merits. See 354 N.W.2d at 244-45. We may not grant habeas relief on the claim unless the Iowa Supreme Court's decision "was contrary to, or an unreasonable application of, the standard articulated by the [United States] Supreme Court in Strickland." Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999), cert. denied, 120 S. Ct. 2725 (2000); see 28 U.S.C. § 2254(d)(1) (Supp. III 1997). We conclude the state court did not apply Strickland unreasonably. Even if the attorney's decision to call the witness was deficient, Losee cannot show a reasonable probability that he would have been acquitted absent admission of the psychologist's testimony, given the other evidence against him. See 354 N.W.2d at 244. We thus affirm the district court's denial of Losee's habeas petition.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-