Asare AKOSA, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 01 CV 601(ILG).

United States District Court, E.D. New York.

Aug. 22, 2002.

Cecil C. Scott, Esq., Assistant United States Attorney, Brooklyn, NY, for defendant.

Asare Akosa, Milan, MI, pro se.

### MEMORANDUM & ORDER

GLASSER, District Judge.

Petitioner Asare Akosa ("Akosa"), proceeding *pro se*, has filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate his judgment of conviction and sentence. On December 3, 1998, Akosa was convicted by a jury of conspiracy to possess with intent to distribute heroin, possession of heroin with intent to distribute, conspiracy to import heroin, and importation of heroin, in violation of 21 U.S.C. §§ 841, 846, 952, 960 and 963. On February 18, 1999, this Court sentenced Akosa to 235 months' imprisonment and five years of supervised release.

Akosa challenged his conviction on appeal, arguing, *inter alia*, that the Court improperly enhanced his sentence under the Sentencing Guidelines. *See United States v. Akosa*, 205 F.3d 1325 (Table), 2000 WL 227819, at *2 (2d Cir. Jan.21, 2000). The Second Circuit rejected Akosa's arguments and affirmed his conviction and sentence on January 21, 2000.

On January 30, 2001, Akosa filed the instant petition for a writ of *habeas corpus*, in which he alleges two grounds purportedly justifying relief. Specifically, Akosa alleges:

1. That he was denied the effective assistance of trial counsel because counsel failed to: (1) inform him and the Court that he was being detained in violation of the Vienna Convention on Consular Relations (the "Vienna Convention"); (2) obtain Akosa's consent before waiving speedy trial time; (3) spend adequate time with Akosa before trial to sufficiently prepare; (4) investigate the authenticity of a recorded

conversation introduced at trial; (5) subpoena recordings of telephone conversations of his co-defendant while the co-defendant was in prison; and (6) object to the government's use of a non-certified Twi-language interpreter; and

2. That he was denied the effective assistance of appellate counsel because counsel failed to raise on appeal (1) trial counsel's ineffectiveness, and (2) the purported Vienna Convention and Speedy Trial Act violations.[1]

On February 20, 2002, Akosa filed a supplemental memorandum in support of his petition in which he asserts a claim under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *United States v. Guevara,* 277 F.3d 111 (2d Cir.2001). According to Akosa, his sentence was improper under *Apprendi* and *Guevara* because the quantity of drugs involved in this case was not charged in the indictment and submitted to the jury.[2]

For the reasons that follow, Akosa's motion is denied.

## DISCUSSION

### I. The Ineffective Assistance of Trial Counsel Claims

The standard by which a court must evaluate a claim of ineffective assistance of counsel was enunciated by the Supreme Court in the seminal case of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *Strickland,* the Supreme Court held that, in order to prevail on a claim of ineffective assistance, a petitioner must show (1) that counsel's representation "fell below an objective standard of reasonableness," and (2) that counsel's deficient performance prejudiced the defendant, *i.e.,* but for counsel's unprofessional errors, the result of the trial would have been different. *Id.* at 687–88, 694, 104 S.Ct. 2052. It is the petitioner's burden to demonstrate that both prongs of *Strickland* have been satisfied. *Id.* With these principles in mind, it is clear that each of Akosa's six ineffective assistance of trial counsel claims must fail.

### A. Failure to inform Akosa of his Vienna Convention rights

Akosa first asserts that his trial counsel was ineffective because counsel failed to inform him of his rights under the Vienna Convention. Of course, this assertion flies in the face of counsel's representation to the Court that, to the best of his recollection, he informed Akosa of his rights under the Convention. (*See* February 8, 2001 letter from Stephen R. Mahler, Esq. to Hon. I. Leo Glasser, ¶ 5.)[3] Nevertheless, the Court will assume for purposes of Akosa's petition that counsel failed to inform him of his Vienna Convention rights.

Akosa argues that, had he been informed of his rights, he would have been

---

1. Akosa actually asserts these errors as five separate claims. Those claims, however, break down into the two claims described above.

2. In his supplemental memorandum, Akosa also alleges that the Court improperly applied two sentencing enhancements under the Sentencing Guidelines. However, Akosa raised this argument on appeal, and it was rejected by the Second Circuit. *See United States v. Akosa,* 205 F.3d 1325 (Table), 2000 WL 227819, at *2–3 (2d Cir. Jan.21, 2000).

Therefore, these claims are procedurally barred. *See, e.g., United States v. Sanin,* 252 F.3d 79, 83 (2d Cir.2001) ("It is well established that a § 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal.") (internal quotation marks and citations omitted).

3. Both trial and appellate counsel were invited to—and did—respond to Akosa's allegations of ineffective assistance, in accordance with *Sparman v. Edwards,* 154 F.3d 51 (2d Cir.1998) (*per curiam*).

able to contact the Ghanian embassy "for addresses [and] location[s] of a consular certified Twi-language interpreter and a cultural expert of [Akosa's] culture, (both) for the helpful understanding [by] the jury [of Akosa's] testimony at trial." (Pet. ¶ 12A.) Akosa further asserts that such an interpreter would have pointed out errors in the government's translations of tape-recorded telephone calls in which Akosa participated. (*See id.* ¶ 12D; *see also* Akosa Aff. ¶ 13.) The government responds to this claim with a litany of arguments, including, *inter alia,* that Akosa cannot demonstrate any prejudice resulting from the purported failure to inform him of his Vienna Convention rights, and thus he cannot prove a Vienna Convention violation. (*See* Gov't Mem. at 17–27.)

■ The government is correct. In order to prove a Vienna Convention violation, a defendant must demonstrate that the violation "prejudiced him in his preparation of a defense." *Waldron v. INS,* 17 F.3d 511, 519 (2d Cir.1993); *accord Breard v. Greene,* 523 U.S. 371, 377, 118 S.Ct. 1352, 140 L.Ed.2d 529 (1998); *United States v. Tapia–Mendoza,* 41 F.Supp.2d 1250, 1253 (D.Utah 1999) (collecting cases). Akosa proffers nothing from which the Court might conclude that the failure to inform him of his consular notification rights in any way prejudiced him in the preparation of his defense. Instead, he merely speculates that, had he been informed of those rights, he would have been able to contact the Ghanian embassy and obtain the assistance of a Twi interpreter approved by the embassy. Akosa nowhere explains how such consultation would have been beneficial to him or his defense. In fact, Akosa's counsel hired a Twi-language interpreter and, when Akosa complained about the translations provided by that interpreter, counsel reviewed the alleged discrepancies and found them to be "mar-

ginal and rather insignificant." (February 8, 2001 letter from Stephen R. Mahler, Esq. to Hon. I. Leo Glasser, ¶ 5.) Furthermore, Akosa has failed to specify how the transcripts of the tape-recorded conversations provided to him by the government were inaccurate.[4] For these reasons, Akosa cannot establish a Vienna Convention violation.

Moreover, Akosa has failed to prove that, had he been informed of his Vienna Convention rights, the result of his trial would have been different. Thus, he cannot demonstrate any prejudice, under *Strickland,* resulting from the alleged failure to inform him of his consular notification rights, and his ineffective assistance claim accordingly fails. *See, e.g., Murphy v. Netherland,* 116 F.3d 97, 100–01 (4th Cir.1997) (affirming denial of Vienna Convention claim in Section 2254 habeas petition where petitioner was "unable to explain how contacting the Mexican consulate would have changed either his guilty plea or his sentence"); *Hurtado v. United States,* No. 00 CIV 409, 2000 WL 890189, at *5 (S.D.N.Y. July 5, 2000) (rejecting claim regarding purported failure to advise petitioner of Vienna Convention rights where petitioner "has not explained how his inability to confer additionally with the Colombian consul affected his actions or altered the outcome of the proceedings"); *Dixon v. United States,* No. 99 CV 1235, 1999 WL 1011933, at *2 (E.D.N.Y. Sept. 23, 1999) (denying relief on habeas claim alleging ineffective assistance for failure to inform petitioner of Vienna Convention rights because, *inter alia,* petitioner could not demonstrate prejudice resulting from that failure); *Mami v. Van Zandt,* No. 89 CIV 0554, 1989 WL 52308, at *1 (S.D.N.Y. May 9, 1989) (rejecting claim in Section 2254 habeas petition regarding

---

**4.** Notably, no objection to these transcripts was raised during trial.

purported failure to inform defendant of Vienna Convention rights, because petition gave "no indication of what the Jordanian diplomatic officials could have done for him, or how he was in any way prejudiced by this").

### B. *Failure to obtain consent before "waiving" speedy trial time*

■ Akosa next argues that his trial counsel was ineffective in failing to obtain his consent before "waiving" speedy trial time. As an initial matter, the Court notes that speedy trial time was not, as Akosa alleges, "waived." In actuality, the Court excluded a short period from being counted as speedy trial time in the interests of justice pursuant to 18 U.S.C. § 3161(h)(8)(A), in order to give defense counsel—per his request—adequate time to prepare for trial. (*See* Transcript of November 6, 1998 Arraignment Before Hon. I. Leo Glasser, at 9.) Thus, there was no "waiver." But, in any event, even if Akosa is correct that counsel should have obtained his consent before "waiving" speedy trial time, Akosa cannot demonstrate that the Speedy Trial Act was violated, and therefore he cannot demonstrate any prejudice resulting from counsel's purported "error."

■ In order to determine whether a defendant's right to a speedy trial has been violated, a court must ascertain whether a delay "has been unreasonable in light of the surrounding circumstances." *United States v. Bryce,* 287 F.3d 249, 256 (2d Cir.2002) (citation omitted). To make such a determination, courts generally consider (1) the length of the delay, (2) the reason for the delay, (3) whether the defendant timely asserted his speedy trial rights, and (4) whether the defendant was prejudiced by the delay. *United States v.*

*Jones,* 91 F.3d 5, 9 (2d Cir.1996) (citing *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). Consideration of these factors compels the conclusion that there was no Speedy Trial Act violation in this case.

First, any delay was *de minimis;* Akosa was arrested on August 10, 1998, and was sentenced on February 18, 1999, approximately six months later. Second, the reason for the delay—defense counsel's need to properly prepare his defense (*see* February 8, 2001 letter from Stephen R. Mahler, Esq. to Hon. I. Leo Glasser, ¶ 2)—is reasonable. Finally, Akosa has failed to show that he was in any way prejudiced by the short amount of speedy trial time "waived" by his counsel.[5] Accordingly, Akosa has failed to establish a Speedy Trial Act violation, and therefore his counsel's purported "error" in failing to obtain his consent before "waiving" speedy trial time cannot have prejudiced him.

### C. *Failure to spend adequate time with Akosa*

■ Akosa next argues that trial counsel failed to spend sufficient time with him in order to adequately prepare for trial. His counsel, however, contradicts that assertion, and avers that he "afforded Mr. Akosa as much consultation as was necessary to prepare an adequate defense for him." (February 8, 2001 letter from Stephen R. Mahler, Esq. to Hon. I. Leo Glasser, ¶ 1.) Furthermore, Akosa nowhere specifies how counsel was allegedly "unprepared," and the record in this case belies such an assertion. In addition, in light of the overwhelming evidence of his guilt, Akosa cannot show any prejudice resulting from the purported lack of preparedness. Akosa therefore has failed to

---

**5.** A review of the docket sheet in this case indicates that trial counsel "waived" only approximately three weeks of speedy trial time.

sustain his burden of proving that either prong of *Strickland* has been satisfied vis-a-vis this claim.

### D. *Failure to investigate the authenticity of a tape recording introduced at trial*

■ Akosa's next argument is that trial counsel was ineffective for failing to investigate the authenticity of the tape recording of a telephone call introduced at trial. Akosa has alleged nothing, however, to suggest that the tape recording was not authentic; while he points to purported "alterations" in the tape recording, he fails to specify what those alterations were. A vague and unsubstantiated claim such as this one simply cannot satisfy a petitioner's burden of demonstrating that counsel's conduct "fell below an objective standard of reasonableness." *See Greenidge v. United States*, No. 01 CV 4143, 2002 WL 720677, at *2 (E.D.N.Y. Mar.27, 2002) (vague and unsubstantiated ineffective assistance claim insufficient to warrant relief); *Panton v. United States*, No. 98 Civ. 1881, 1999 WL 945523, at *5 (S.D.N.Y. Oct. 18, 1999) (same); *Vasquez v. United States*, No. 96 CIV 2104, 1996 WL 694439, at *7 (S.D.N.Y. Dec.3, 1996) (same).

### E. *Failure to subpoena recordings of telephone calls made by Akosa's co-defendant*

■ The fifth ground upon which Akosa argues that his trial counsel was ineffective is that counsel failed to subpoena tape recordings of telephone conversations of his co-defendant, Kwaku Kantanka ("Kantanka"). According to an affidavit submitted by Akosa's wife, Comfort Tanner ("Tanner"), Kantanka called Tanner on numerous occasions while he was in prison. According to Tanner, Kantanka repeatedly told her that Akosa was innocent in those conversations. (*See* Tanner Aff. ¶¶ 1–2.) Yet neither Akosa nor Tanner anywhere suggests that these telephone calls were brought to trial counsel's attention.[6] Nor is there any reason to conclude that counsel should have been independently aware of these conversations, especially in light of the fact that Kantanka testified against Akosa at trial. These facts undercut Akosa's claim. *See, e.g., Strickland*, 466 U.S. at 691, 104 S.Ct. 2052 ("The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, ... on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information."); *Owens v. Dormire*, 198 F.3d 679, 682 (8th Cir.1999) (agreeing with state court that "an ineffective assistance of counsel claim which is based on a failure to call a witness is refuted by a finding that counsel was unaware of the existence of the witness"); *Ennis v. Walker*, No. 00 CIV 2875, 2001 WL 409530, at *17 (S.D.N.Y. Apr.6, 2001), *R & R adopted*, No. 00 CIV 2875, slip op. at 1 (S.D.N.Y. May 16, 2001) (counsel not ineffective for failing to challenge validity of prior conviction where petitioner never informed counsel that he was unrepresented in prior proceeding); *Millio v. Barkley*, 48 F.Supp.2d 259, 266–67 (W.D.N.Y.1999) (failure to call alibi witness did not constitute ineffective assistance; "Counsel's conduct was reasonable under *Strickland* because petitioner never informed his attorney of any potential alibi witnesses."); *Thomas v. Gramley*, 951 F.Supp. 1338, 1344–45 (N.D.Ill.1996) (counsel not ineffective in failing to introduce evidence, in mitigation of sentence,

---

6. Indeed, it could reasonably be assumed that counsel would have made use of the tape recordings had they been brought to his attention prior to trial.

of defendant's psychological disorder, where defendant never indicated that he was suffering, or had suffered, from such a disorder).

In any event, even if trial counsel acted unreasonably in failing to subpoena tapes of the conversations, Akosa has failed to demonstrate that he was prejudiced by this failure. Kantanka's professions of Akosa's innocence would do little to support Akosa's claims of innocence, especially in light of the damaging tape recordings introduced at trial. At best, the tapes which counsel allegedly failed to subpoena would have been used to impeach Kantanka's credibility, which was already impugned at trial. Based on these facts, there is simply no reason to conclude that the result of Akosa's trial would have been different had the tapes been subpoenaed and introduced into evidence.

### F. Failure to object to non-certified interpreter

In his final ineffective assistance of trial counsel claim, Akosa asserts that counsel was ineffective for failing to object to the government's use of a non-certified Twi-language interpreter. As noted above, however, Akosa has nowhere specified how the government's interpreter was in any way inaccurate, or how he was prejudiced by any purported inaccuracies. Accordingly, he has failed to sustain his burden of proving that his counsel's conduct fell below an objective standard of reasonableness, or that he was prejudiced by counsel's conduct. See Greenidge, 2002 WL 720677, at *2; Panton, 1999 WL 945523, at *5; Vasquez, 1996 WL 694439, at *7.

### II. The Ineffective Assistance of Appellate Counsel Claims

A claim of ineffective assistance of appellate counsel, like a claim of ineffective assistance of trial counsel, is evaluated under Strickland. See Aparicio v. Artuz,

269 F.3d 78, 95 (2d Cir.2001); Santana–Madera v. United States, 260 F.3d 133, 141 n. 3 (2d Cir.2001). Evaluated under this framework, neither of Akosa's ineffective assistance of appellate counsel claims passes muster.

### A. The failure to assert ineffective assistance of trial counsel on appeal

Akosa first argues that appellate counsel was ineffective for failing to raise on appeal the ineffectiveness of trial counsel. However, as discussed above, trial counsel was not ineffective. Therefore, Akosa's cannot demonstrate any prejudice resulting from the failure of his appellate counsel to challenge the effectiveness of his trial counsel. Accordingly, this claim fails.

### B. Failure to raise the purported Vienna Convention and Speedy Trial Act violations

Akosa next argues that appellate counsel was ineffective for failing to raise on appeal the alleged Vienna Convention and Speedy Trial Act violations. However, the Court has concluded that neither the Vienna Convention nor the Speedy Trial Act was violated, as discussed above. Accordingly, Akosa cannot demonstrate any prejudice resulting from the failure to raise these claims on appeal, and thus he cannot satisfy Strickland.

### III. The Apprendi/Guevara Claim

In his supplemental memorandum, Akosa argues that, because the quantity of drugs attributed to him triggered a mandatory minimum sentence, Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and United States v. Guevara, 277 F.3d 111 (2d Cir. 2001), required the drug quantity to be charged in the indictment and proved beyond a reasonable doubt. (See Pet. Supp.

Mem. at 3.) Akosa's reliance on *Apprendi* and *Guevara*, however, is misplaced.

In *Apprendi*, the Supreme Court held that, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. Thus, the question the Court must answer is whether Akosa was sentenced beyond the statutory maximum for the crimes for which he was convicted. The maximum sentence for possessing with the intent to distribute heroin is set forth in Section 841 of Title 21 of the United States Code, and varies depending on the amount of heroin involved. *See* 21 U.S.C. § 841(b)(1)(A) (maximum of life imprisonment for 1 kilogram or more of heroin); *id.* § 841(b)(1)(B) (maximum of 40 years' imprisonment for greater than 100 grams of heroin); *id.* § 841(b)(1)(C) (maximum of 20 years' imprisonment for any other quantity of heroin). However, even assuming *arguendo* that Akosa possessed less than 100 grams of heroin, a maximum sentence of 240 months is nevertheless implicated under 21 U.S.C. § 841(b)(1)(C). Because the sentence imposed (235 months) was less than this applicable statutory maximum, there was no *Apprendi* violation.[7]

In *Guevara*, the Second Circuit held that "if the drug quantity is used to trigger a mandatory minimum sentence that exceeds the top of the Guideline range that the district court would otherwise have calculated (based on the court's factual findings, with or without departures), that quantity must be charged in the indictment and submitted to the jury." 277

F.3d at 119 (citing *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348, and *United States v. Thomas*, 274 F.3d 655, 659–60 (2d Cir. 2001) (*en banc*)). There, the mandatory minimum sentence required to be imposed as a result of the district court's finding concerning drug quantity was 240 months, more than the Guideline range of 168 to 210 months. *Id.* Thus, the court held that *Apprendi* had been violated, because the drug quantity was not charged in the indictment.

Here, however, the mandatory minimum sentence had no impact on the sentence the Court imposed on Akosa. The mandatory minimum sentence for Counts I and IV (the conspiracy to possess and the possession counts, respectively) was only 60 months. *See* 21 U.S.C. § 841(b)(1)(B). The mandatory minimum sentence for Counts II and III (the conspiracy to import and the importation counts, respectively) also was 60 months. *See* 21 U.S.C. § 960(b)(2)(A). Akosa's Sentencing Guideline range, however, was 235 to 293 months' imprisonment. Accordingly, because Akosa's Guideline range was above the mandatory minimum sentence, *Guevara* has no application here.

### CONCLUSION

For the foregoing reasons, Akosa's motion is denied.

SO ORDERED.

---

**7.** The same is true with respect to the other charges on which Akosa was convicted. The conviction for conspiracy to possess heroin with the intent to distribute carries the same penalties as the possession of heroin conviction described above. *See* 21 U.S.C. § 846.

The convictions for importing heroin (21 U.S.C. § 952(a)) and conspiring to import heroin (21 U.S.C. § 963) carry a maximum penalty of 240 months each, even in cases where the amount of heroin is less than 100 grams. *See* 21 U.S.C. § 960(b)(3).