STATE of Missouri,
Plaintiff–Respondent,

v.

Troynell THOMAS,
Defendant–Appellant.

Troynell THOMAS, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 55002, 56329.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 22, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 20, 1990.

Application to Transfer Denied
July 31, 1990.

Dave Hemingway, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

This is a consolidated appeal from defendant's conviction of first degree murder and the denial of his 29.15 motion. Defendant, Troynell Thomas, was convicted of first degree murder and sentenced to life imprisonment without possibility of probation or parole. Viewed in the light most favorable to the verdict, the evidence adduced at trial was as follows:

On October 20, 1986, Andre Moore, who was fifteen at the time, was playing basketball with several other teenagers including John Bronson, Derrick Jones and defendant's son Michael Smitty. Moore and Smitty began to argue and Moore punched Smitty in the mouth. Moore then left the gym. The basketball game moved to the street from the gym where the boys had been playing.

Later on, a white LTD pulled up and defendant exited from the automobile. Michael Smitty remained in the LTD. After defendant got out of the automobile, defendant asked the ball players "which one is it?" Defendant then approached Bronson and Jones and motioned for the two boys to come to him. Defendant reached for a gun and the two boys started to run. Defendant grabbed Jones, said "die", and started shooting. Jones was fatally wounded. Defendant went back to the automobile, got in and drove away.

An ambulance and the police were called. The police interviewed several witnesses at the scene. Two detectives, Donald Cummins and Clifford Sassenger, took Bronson to look for Smitty because Bronson had told police that Smitty was in the LTD. While the detectives were investigating the whereabouts of Smitty at a residence a brown automobile arrived and defendant exited the vehicle. Bronson identified defendant as the person who did the shooting.

Defendant was arrested and taken to the police station where Bronson and Robert Richmond positively identified him in a line-up. A trial was subsequently held and defendant was convicted of first degree murder. The trial court sentenced defendant to life imprisonment without possibility of probation or parole.

On August 8, 1988, defendant filed a *pro se* Rule 29.15 motion. On November 23, 1988, an amended motion was filed by appointed counsel. On January 20, 1989, the motion court issued findings of fact and conclusions of law denying defendant's motion. This appeal follows. We affirm.

Defendant contends that the trial court plainly erred in making comments directed at defense counsel. Defendant claims that the judge's comments "injected an official judicial view favoring the credibility of critical state witnesses" and questioned "the honesty of defense counsel."

■ Defendant concedes in his brief that defense counsel did not object at trial and thus this claim is only entitled to plain error review under Rule 30.20. Under the plain error standard of review "the plain error complained of must impact so substantially upon the rights of defendant that manifest injustice or a miscarriage of justice will result if left uncorrected." *State v. Driscoll*, 711 S.W.2d 512, 515 (Mo. banc 1986). The burden of demonstrating that the action of the trial court resulted in manifest injustice is allocated to the defendant. *State v. Groves*, 646 S.W.2d 82, 83 (Mo. banc 1983).

Defendant raises several claims with regard to comments made by the judge during defense counsel's cross-examination of state's witness John Bronson and during defense counsel's cross-examination of Robert Richmond.

■ The standard of review for examining the conduct of the trial judge is whether the trial court's conduct is such as to prejudice the minds of the jury against defendant thereby depriving defendant of a fair and impartial trial. *State v. Davis*, 653 S.W.2d 167, 177 (Mo. banc 1983). Obviously, a defendant is entitled to absolute impartiality by the trial judge. *Davis* at 177.

■ This does not mean, however, that the judge may not correct counsel when

necessary, as long as it is not done in a contemptuous manner, or that he may not summarize evidence in explaining a ruling, as long as it is not a statement of the facts as a matter of law. *State v. Mitchell*, 693 S.W.2d 155, 160 (Mo.App.1985). Thus, there is no error as long as the trial judge does not express an opinion as to the nature, content or truthfulness of evidence. *State v. Hamilton*, 622 S.W.2d 264, 266 (Mo.App.1981). Finally comments by a judge depend largely upon tone of voice, facial expressions and other similar factors which give content to the trial episodes and the rulings thereon. Since those factors are not reflected in the cold record on appeal, an appellate court must largely defer to the trial court's superior vantage point to appraise the trial situation. *State v. Reed*, 640 S.W.2d 188, 197 (Mo.App.1982).

 We have reviewed the record of the alleged improper judicial comments and we find that there was no plain error on the part of the trial court. At no time did the trial court express an opinion on the evidence nor comment on defendant's guilt or innocence. Further, the judge did not offer any bias or prejudicial comments to defendant's counsel. Defendant suffered no manifest injustice by the judge's statements.

In his second claim defendant alleges that the trial court erred in refusing to admit into evidence defense exhibit A, a diagram showing the layout of the lights on the street where the shooting occurred.

At the close of all the evidence, defense counsel asked the court to admit the exhibit into evidence. The court made no ruling on the matter and defense counsel did not object or ask for a specific ruling.

> Court: Anything you want to point out now. We have got your exhibits, I don't have all of them.
>
> Mr. Hernandez: At this time I would like to ask that the drawing which may have been used be admitted into evidence.

.   .   .   .   .

> Court: I'll withhold my ruling on that, withhold that, some are already accepted, I'll withhold the ruling right now on that.

Mr. Hernandez never asked for a further clarification or ruling or objected to the trial court's prior ruling. Therefore, this point is not preserved for appeal. Nevertheless, we do note that no prejudice was caused to defendant in the trial court's alleged failure to admit the exhibit into evidence because the jury was able to derive full benefit from the exhibit since they were able to view the exhibit during the trial.

Defendant's last two points on appeal concern his amended 29.15 motion that his trial counsel was ineffective. In the amended motion, defendant claims that counsel was ineffective for not using Michael Smitty's testimony and for not objecting to and presenting the motion to suppress the identification testimony of three state witnesses. "In determining whether counsel's performance was deficient, the inquiry must be whether that counsel's assistance was unreasonable considering all of the circumstances." *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986).

We have read the transcript of the post-conviction hearing and the findings of Judge Kitchin. We find that the motion court was not clearly erroneous in its ruling on either matter. Defendant's points dealing with his 29.15 motion are denied.

The judgments of trial and motion court are affirmed.

CRANDALL and KAROHL, JJ., concur.