# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2486

_____

| | |
|---|---|
| Troynell Thomas, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Missouri. |
| Michael Bowersox, | * |
| | * |
| Appellee. | * |

_____

Submitted: January 13, 2000

Filed: March 31, 2000

_____

Before WOLLMAN, Chief Judge, FLOYD R. GIBSON, and MORRIS SHEPPARD
ARNOLD, Circuit Judges.

_____

WOLLMAN, Chief Judge.

Troynell Thomas appeals from the denial of his 28 U.S.C. § 2254 petition for habeas corpus. We affirm.

## I.

Thomas was convicted of first degree murder on April 29, 1988, for the shooting of a boy who had been present with Thomas's son when an altercation broke out on a

basketball court. After a jury trial in Missouri state court, Thomas was sentenced on June 10, 1988, to life imprisonment without possibility of probation or parole. The Missouri Court of Appeals affirmed Thomas's conviction and sentence, see State v. Thomas, 791 S.W.2d 861, 863 (Mo. App. 1990), and Thomas exhausted his state post-conviction remedies.

After denying Thomas's federal habeas petition, the district court[1] granted a certificate of appealability regarding three issues: (1) whether the state trial court committed plain error by commenting on evidence; (2) whether trial counsel was ineffective in failing to call Thomas's son as a witness; and (3) whether counsel was ineffective for failing to object to identification testimony.

## II.

We review the district court's findings of fact for clear error and its conclusions of law de novo. See Bounds v. Delo, 151 F.3d 1116, 1118 (8th Cir. 1998). We may grant habeas relief on a claim that was adjudicated on the merits in state court only if it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Thomas first argues that he was deprived of his due process right to a fair trial because of several allegedly biased comments the trial court made in the presence of the jury. Thomas also argues that the trial court improperly cut short his cross-examination of certain witnesses in violation of the Confrontation Clause. The state contends that Thomas has waived the due process claim because his brief sets forth only a skeletal argument and because we cannot consider issues that the state appellate

---

[1]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

court reviewed for plain error only. The state further notes that this appeal is the first time Thomas has presented his confrontation clause argument.

We agree that Thomas has not previously raised the confrontation clause claim, and therefore we find that it has been forfeited. See Sweet v. Delo, 125 F.3d 1144, 1152-53 (8th Cir. 1997). As for Thomas's due process claim, however, state court review of a claim for plain error does not preclude later consideration of the same argument in a collateral proceeding in federal court. See Kilmartin v. Dormire, 161 F.3d 1125, 1127 (8th Cir. 1998), cert. denied, 119 S. Ct. 2035 (1999). Accordingly, we will address the merits of Thomas's due process claim for plain error, reviewing "to determine whether any manifest injustice resulted" from the trial judge's comments. Id.

The state court, in rejecting Thomas's due process violation argument, stated:

> We have reviewed the record of the alleged improper judicial comments and we find that there was no plain error on the part of the trial court. At no time did the trial court express an opinion on the evidence nor comment on the defendant's guilt or innocence. Further, the judge did not offer any bias [sic] or prejudicial comments to defendant's counsel. Defendant suffered no manifest injustice by the judge's statements.

Thomas, 791 S.W.2d at 863. Our own review of the record confirms the district court's conclusion that this disposition by the Missouri Court of Appeals was correct. Nothing the trial judge said in this case resulted in a manifest injustice to Thomas.

Second, Thomas argues that he received ineffective assistance of counsel because his lawyer did not call Thomas's son to testify at trial. To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate, first, that counsel's performance fell outside the broad range of objectively competent representation in a criminal case and, second, a "reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984).

Both the Missouri Court of Appeals and the district court found that the decision by Thomas's trial counsel not to call Thomas's son as a witness was well within the bounds of reasonable professional judgment, and we agree. Testimony from the state post-conviction evidentiary hearing addressing this question made clear that any testimony Thomas's son might have given in support of the defense would have been either highly implausible or dramatically impeachable. We presume that the post-conviction court's factual findings are correct, see 28 U.S.C. § 2254(e)(1); Owens v. Dormire, 198 F.3d 679, 682 (8th Cir. 1999), and we agree that it was valid trial strategy for counsel to conclude that the son's testimony would not have helped, and may well have hurt, Thomas's case.

Finally, Thomas contends that his counsel was ineffective for failing to argue at trial that the eyewitness identification testimony of three witnesses was inadmissible, based in part on the fact that Thomas wore the same "Bud Light" jacket at the police lineup that some of the identification witnesses recalled seeing the perpetrator wear during the shooting. We can discern no error in the Missouri court's decision to reject this claim. Conditions at the crime scene were such as to permit adequate observation, the police did not employ suggestive identification procedures, and Thomas has not presented any evidence to support his contention that the first witness who picked him out of a police lineup improperly influenced the two witnesses who subsequently selected Thomas. Thus, given the totality of the circumstances, the testimony does not appear to have been unreliable. See Manson v. Brathwaite, 432 U.S. 98, 114 (1977) (reliability "is the linchpin in determining the admissibility of identification testimony"); Neil v. Biggers, 409 U.S. 188, 198 (1972) (courts must weigh totality of the circumstances to determine whether identification procedures were impermissibly suggestive); Williams v. Armontrout, 877 F.2d 1376, 1379 (8th Cir. 1989) (discussing factors to consider in assessing reliability); United States v. Medina, 552 F.2d 181,

188-89 (7th Cir. 1977) (pretrial identification procedures not rendered unduly suggestive by fact that suspect wore same clothes in lineup as robber wore at time of commission of crime).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.