**STATE of Missouri, Respondent,**

v.

**James Michael STEELE, Appellant.**

**No. WD 70387.**

Missouri Court of Appeals,
Western District.

July 13, 2010.

---

848

Kent Denzel, Columbia, MO, for appellant.

Shaun L. Mackelprang and John W. Grantham, Jefferson City, MO, for respondent.

Before Division Three: JAMES M. SMART, JR., Presiding Judge, JOSEPH M. ELLIS and GARY D. WITT, Judges.

GARY D. WITT, Judge.

James Steele ("Steele") appeals his conviction following a jury trial for first-degree domestic assault, pursuant to Section 565.072 RSMo.[1] We affirm.

---

1. All statutory citations are to RSMo 2000 as updated through the 2006 Cumulative Supplement, unless otherwise indicated.

## Statement of the Facts

Steele and Victim were in a romantic relationship when an altercation occurred on July 3, 2007, which resulted in Steele's conviction for first-degree domestic assault, a class A felony. Victim testified at trial that during an argument at Steele's home, Steele knocked her down, kicked, hit, punched, and stomped on her while she was on the floor. Victim was able to escape Steele's home and ran to a neighbor's house where she contacted police. The neighbor, who knew Steele, then saw him drive away.

Police officers searched Steele's home, found no one else who needed medical attention, and then retrieved Victim's keys so she could leave. The officers noticed blood on the floor and disheveled furnishings. After Steele was arrested, he told police he and Victim had been arguing and said Victim had attacked him and damaged his property. Steele claimed he had left his home right after midnight on the night of the attack and denied causing Victim's injuries.

Victim went to the emergency room and met with Dr. Willingham, who ordered tests to determine the scope of her injuries. Victim had bruises on her face, right arm, back, a lip laceration, black eyes, and a concussion. Tests performed by Dr. Waddell showed Victim suffered from fractured vertebrae in her spine. Both Dr. Willingham and Dr. Waddell testified that Victim's injuries were consistent with a kick to the back. Victim was later examined by her primary care physician, Dr. Sollars, who prescribed bed rest, pain medication, and physical therapy. Victim was off work for six to seven weeks and continued to receive treatment at various times for her injuries.

In the closing portion of her argument, the prosecutor told the jury:

Well, ladies and gentlemen, which way does it go? Did he not do it at all, or did he not just—just not cause her physical injury? He's arguing both ways here. I didn't do it, but there's no serious physical injury anyway. So it doesn't seem to matter if I did it or not. That's Mr. Steele. That's his attorney right now just said that to you.

Defense counsel objected "to the argument about counsel's performance. It's improper." The Court responded by saying "[o]kay. The objection is overruled. It's comment on your argument and I think it's fair. Proceed."

The jury returned with a verdict finding Steele guilty of first-degree domestic assault, and he was sentenced to twelve years imprisonment. Steele alleges two points of error on appeal.

In Point One, Steele argues that the trial court abused its discretion in overruling Steele's hearsay objection to statements made by Victim to her treating physician, Dr. Willingham. Steele argues that the statements resulted in improper hearsay concerning the identity of the attacker reaching the jury. Victim testified at trial that Steele was the person who beat and kicked her that night. The prosecutor called Dr. Sollars and asked what Victim had told him about what had happened to cause her injuries and defense counsel objected based on hearsay. The prosecutor argued the evidence was offered for medical diagnosis, but in overruling the objection, the court restricted the testimony to only statements about the cause of her injuries and did not allow any reference to the identity of the perpetrator. The prosecutor then called Dr. Willingham and asked what Victim had told him about what had happened to cause her injuries. Defense counsel objected once again based on hearsay. The court overruled the objection but failed to similarly restrict the

testimony as to the cause of injuries and not to the identity of the perpetrator. Dr. Willingham responded, "[s]he said she was struck by her boyfriend."

Steele argues that this was prejudicial to his case because he denied responsibility for Victim's injuries and the jury heard inadmissible testimony regarding the identity of her attacker. Steele argues that this ruling violated his right to due process of law and a fair trial before an impartial jury as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and sections 10 and 18(a) of the Missouri Constitution.

**Standard of Review**

■ "The standard of review for the admission of evidence is abuse of discretion." *State v. Reed*, 282 S.W.3d 835, 837 (Mo. banc 2009) (citing *State v. Freeman*, 269 S.W.3d 422, 426 (Mo. banc 2008)). "This standard gives the trial court broad leeway in choosing to admit evidence; therefore, an exercise of this discretion will not be disturbed unless it 'is clearly against the logic of the circumstances.'" *Id.* at 426–27 (quoting *Freeman*, 269 S.W.3d at 426–27). Before evidentiary error can result in reversal, prejudice must be demonstrated. *Id.*

**Analysis**

■ Hearsay evidence is an out of court statement used to prove the truth of the matter asserted. *State v. Skillicorn*, 944 S.W.2d 877, 884 (Mo. banc 1997). Hearsay is generally inadmissible unless it falls within a recognized exception to the rule. *Id.* One exception in Missouri is statements made to a physician for diagnosis or treatment. *State v. Miller*, 924 S.W.2d 513, 515 (Mo.App. W.D.1996). Missouri law allows a treating physician to testify to what a patient said " 'insofar as such statements are reasonably pertinent

to diagnosis and treatment.' " *Id.* (quoting *Breeding v. Dodson Trailer Repair Inc.*, 679 S.W.2d 281, 285 (Mo. banc 1984)). However, generally, statements regarding the identity of an alleged perpetrator are not admissible under the exception because these statements are not relevant to diagnosis or treatment. *Id.*

■ The State agrees that the statement regarding the identity of Victim's attacker was hearsay and inadmissible. The State argues that because Steele is unable to show he was prejudiced by the admission, he is not entitled to relief. In addition, because Steele did not request the trial court to similarly restrict the testimony, as was done with the previous physician's testimony, this issue was not preserved for appeal.

■ "[E]ven if the court finds hearsay evidence was improperly admitted, the conviction will be reversed only if defendant can prove both error and prejudice." *State v. Hamilton*, 892 S.W.2d 371, 378 (Mo.App. E.D.1995), *Citing, State v. Isa*, 850 S.W.2d 876, 895 (Mo. banc 1993). "Trial court error is prejudicial when there is a reasonable probability that it affected the outcome at trial." *State v. Reed*, 282 S.W.3d 835, 838 (Mo. banc 2009). The reason why hearsay is generally inadmissible is because the person who made the offered statement is not under oath or subject to cross-examination. *State v. Mozee*, 112 S.W.3d 102, 107 (Mo.App. W.D. 2003). Accordingly, prejudice will not be found from the admission of hearsay testimony where the declarant was also a witness at trial, testified on the same matter, and was subject to cross-examination because the primary defects in hearsay testimony are alleviated. *State v. Robinson*, 484 S.W.2d 186, 189 (Mo.1972); *see also State v. Forrest*, 183 S.W.3d 218, 224 (Mo. banc 2006). In the case before us, the hearsay declarant (Victim) was a witness

at trial, did testify on the same matter, and was subject to extensive cross-examination. Victim testified at trial that it was Steele who kicked her and was the cause of her injuries and broken back. Further, Steele was able to cross-examine Victim repeatedly at trial over the subject matter of the contested hearsay. Accordingly, the admission of improper hearsay evidence in this case was not prejudicial to Steele and did not deny him the right to a fair trial. Under these facts, the admission of this single hearsay statement during Dr. Willingham's testimony was not prejudicial. *See State v. Placke,* 290 S.W.3d 145, 156 (Mo.App. S.D.2009); *State v. Link,* 25 S.W.3d 136, 145–46 (Mo. banc 2000).

■ Steele also argues that the admission of Victim's prior consistent statements through the hearsay testimony of Dr. Willingham constituted unfair bolstering of Victim's testimony at trial. Prior consistent statements by a witness may be admitted when the witness has been impeached on the content of those statements. *State v. Clark,* 711 S.W.2d 928, 933 (Mo.App. E.D.1986). The State does not argue that these statements qualify as prior consistent statements, and the State did not need to do so because, even if the statements were improperly admitted, Steele must also demonstrate prejudice in order to gain relief. *State v. Hutton,* 825 S.W.2d 883, 887 (Mo.App. E.D.1992). To determine whether prejudice resulted, our courts look to whether the declarant is available for cross-examination and whether the statements are simply cumulative evidence. *Id.* As previously discussed, Victim testified at trial and was cross-examined over the subject matter of the hearsay. Statements are cumulative if the substance of the witness's trial testimony is proven by evidence other than the statements. *Id.* Here Victim testified that Steele was her attacker. Further, there

was a substantial amount of circumstantial evidence to support her testimony, including Steele's admission he was with Victim until shortly before the attack, the attack occurred at Steele's home, a neighbor saw Steele leave the premises shortly after the attack, and Victim's physicians concluded her injuries were consistent with her testimony. Steele cannot show he was prejudiced by the admission of Victim's statements about the identity of her attacker through the testimony of Dr. Willingham.

Point One is denied.

■ In Point Two, Steele argues the trial court abused its discretion in overruling his objection to the prosecutor's "improper closing argument that disparaged defense counsel" and further argues the court erred in failing to maintain its role as an impartial arbiter, thereby denying Steele's rights to due process of law and a fair trial before an impartial judge.

■ The trial court has broad discretion in controlling the scope of closing arguments. *State v. Forrest,* 183 S.W.3d 218, 226 (Mo. banc 2006). The appellate court will not disturb the trial court's ruling absent an abuse of discretion. *Id.* Further, the defendant has the burden to prove he was prejudiced by the improper argument, and prejudice is present only if the complained of comment had a decisive effect on the jury's decision. *State v. Schnelle,* 7 S.W.3d 447, 456 (Mo.App. W.D. 1999).

At trial, Steele argued both that he was not the cause of Victim's injuries and also that Victim's injuries were not as serious as she claimed. Steele argues error in that the prosecutor, during closing arguments, stated to the jury:

> Well, ladies and gentlemen, which way does it go? Did he not do it at all, or did he not just—just not cause her physical injury? He's arguing both ways

here. I didn't do it, but there's no serious physical injury anyway. So it doesn't seem to matter if I did it or not. That's Mr. Steele. That's his attorney right now just said that to you.

Defense counsel objected "to the argument about counsel's performance. It's improper." The objection was overruled and the prosecutor then moved on to other matters.

■ Steele's argument rests upon the presumption that the prosecutor's statement was a personal attack on defense counsel. If the argument is found to have been a personal attack, it is improper and objectionable. *State v. Reyes*, 108 S.W.3d 161, 170 (Mo.App. W.D.2003). However, if the statement is characterized as an attack on the defense's technique or trial tactics, " 'rather than counsel's integrity or character[,]' the argument is permissible." *Id.* (quoting *State v. O'Haver*, 33 S.W.3d 555, 563 (Mo.App.2000)). Nothing in the statement suggests that defense counsel was acting in an unethical, illegal or disingenuous way.

In support of his contention, Steele cites a number of cases in which prosecutorial comments have been found improper. They are all cases in which the prosecutor either suggested defense counsel was lying in some way or had committed a crime. Steele cites *State v. Greene*, in which the prosecutor told the jury that defense counsel was lying to them. 820 S.W.2d 345, 348 (Mo.App. S.D.1991). He also points to *State v. Hornbeck* where the prosecutor accused defense counsel of conspiring to commit a crime. 702 S.W.2d 90, 93 (Mo. App. E.D.1985). In *State v. Spencer*, the Supreme Court of Missouri found the prosecutor's comment that defense counsel had "browbeat a witness" conveyed to the jury that defense counsel had behaved improperly and degraded the defense. 307 S.W.2d 440, 447 (Mo.1957). The litany of examples provided by Steele proves why his claim must fail.

The prosecutor's criticism in this case was that Steele was arguing both that he was not the perpetrator and that, even if he was, the injuries of the victim were not as serious as she claimed. The prosecutor is suggesting that the argument is not persuasive. Nothing in this criticism suggests that the personal integrity of Steele's defense counsel is in question. This criticism of the defense's trial theory does not even approach the boundary of what Missouri courts have deemed impermissible in closing arguments. *See e.g., State v. Crews*, 923 S.W.2d 477, 481–82 (Mo.App. S.D.1996) (arguing defense counsel was like a "magician" who was trying to distract the jury from facts was permissible); *State v. Ward*, 807 S.W.2d 225, 226 (Mo. App. E.D.1991) (prosecutor's comments that defense counsel was resorting to trickery when referring to his arguments was not improper).

■ Steele makes a second argument in Point Two that the trial court "plainly erred in failing to maintain its role as an impartial arbiter," when the judge, in overruling the objection to prosecution's closing argument, stated "[t]he objection is overruled. It's comment on your argument and I think it's fair." Steele argues that even though he failed to object at trial, we should nevertheless consider the matter under plain error review. Rule 30.20.[2]

The State argues that this Court should refuse to consider the second argument under Point 2 for three reasons. First,

---

**2.** All rule citations are to the Missouri Supreme Court Rules (2010), unless otherwise indicated.

Steele did not object at trial and did not raise the issue in his Motion for New Trial and, therefore, nothing was preserved for appeal under Rule 29.11. Second, Steele failed to raise the claim in a separate Point Relied On as required by Rule 84.04(d). Third, even if the court does consider the matter under plain error review, Steele's claim fails because he cannot show manifest injustice affecting substantial rights.

■■■■ Steele concedes the first point, that he did not preserve his objection for appellate review per Rule 29.11, but requests plain error review by this Court. Regarding the State's second argument regarding a Rule 84.04 violation, Rule 84.04(d)(1) requires that each point relied on "(A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." *Law Offices of Gary Green, P.C. v. Morrissey*, 210 S.W.3d 421, 424 (Mo.App. S.D. 2006). Despite deficiencies in the appellate brief, the Court will generally address separate legal issues if it can do so without "becoming an advocate for Plaintiff 'by speculating on facts and arguments that have not been asserted.'" *Id.* (quoting *Henson v. Henson*, 195 S.W.3d 479, 482 (Mo.App. S.D.2006)). "[T]he policy of the appellate courts in this State is to decide a case on the merits rather than technical deficiencies in the brief." *Wiley v. Homfeld*, 307 S.W.3d 145, 152 (Mo.App. W.D. 2009) (citing *Citizens Nat'l Bank v. Maries Cnty. Bank*, 244 S.W.3d 266, 272 n. 3 (Mo.App. S.D.2008)). Although Point Two does raise separate legal issues (i.e. the statement of the prosecutor in closing argument and the language of the ruling of the trial court on Steele's objection), which according to the Rule must be set out in separate points relied on, the violation is not so egregious as to preclude review.

■■■■ Rule 30.20 gives discretion to the court to consider "plain errors affecting substantial rights" when it finds that a failure to do so would result in "manifest injustice or miscarriage of justice." "[T]he burden of demonstrating that the action of the trial court resulted in manifest injustice" is allocated to the defendant. *State v. Groves*, 646 S.W.2d 82, 83 (Mo. banc 1983).

■■■■ The standard of review for examining the conduct of the trial judge is "'whether the trial court's conduct is such as to prejudice the minds of the jury against defendant thereby depriving defendant of a fair and impartial trial.'" *State v. Davis*, 653 S.W.2d 167, 177 (Mo. banc 1983) (quoting *State v. Mitchell*, 622 S.W.2d 791, 798 (Mo.App.1981)). Steele claims the judge's comments here were an improper message to the jury that the judge was biased in favor of the prosecution. A plain reading of the judge's statement clearly shows that this was not the case.

> The factors used to determine the propriety of any comment include whether the trial judge volunteered the comment, whether the comment was made in response to an objection as part of the court's ruling, whether the comment was made in the jury's presence and whether the jury could have construed the comment to prejudice the defendant.

*State v. Jackson*, 836 S.W.2d 1, 7 (Mo.App. E.D.1992). Further, "there is no error as long as the trial judge does not express an opinion as to the nature, content or truthfulness of evidence." *Id.* (citing *State v. Thomas*, 791 S.W.2d 861, 863 (Mo.App. E.D.1990)).

> Finally, the propriety of a trial judge's comments depends largely upon his tone

of voice, facial expressions and other similar factors which give content to the trial episodes and the rulings thereon. Since those factors are not reflected in the record on appeal, we must largely defer to the trial court's superior vantage point to appraise the trial situation. *Id.* (citations omitted). Because there was no objection at trial and the issue was not raised in a Motion for New Trial before the trial court, we are deprived of a record of any findings resulting from that superior vantage point.

Having reviewed the alleged improper comment, there is no showing that the trial judge violated his duty to remain impartial. The trial judge's comment was a response to an objection by defense counsel that the prosecutor's argument was "improper" because it was an argument on counsel's performance. The judge overruled the objection and explained that "[i]t's comment on your argument and I think it's fair." The basis of the judge's ruling was that the prosecution's argument was not improperly attacking defense counsel but was a "comment on [his] argument" and therefore was not improper or, in other words, was "fair."

 "The plain error rule is to be used sparingly." *State v. Koonce*, 731 S.W.2d 431, 442 (Mo.App. E.D.1987). "It must be invoked on a case by case basis, and there must be a sound, substantial manifestation, a strong, clear showing, that injustice or a miscarriage of justice resulted." *Jackson*, 836 S.W.2d at 7. Because the judge's comment that the argument was "fair" was in response to an objection by defense counsel and did not improperly comment on the *evidence* but only denied defense counsel's assertion that the argument was improper, Steele cannot meet his burden that a clear miscarriage of justice has resulted.

In addition, had counsel requested to approach the bench and made his objection at the bench and outside of the hearing of jury, as is the proper procedure and one counsel followed at other times throughout the trial, the judge's comments would likewise have been outside of the hearing of the jury. Counsel chose to make an improper "speaking objection" and then complains when the judge's ruling is likewise made within the earshot of the jury.

Point Two is denied.

## Conclusion

For the foregoing reasons the judgment of the circuit court is hereby affirmed.

All concur.