STATE of Missouri, Respondent,

v.

Jimmy Joe CREWS, Sr., Appellant.

No. WD 75505.

Missouri Court of Appeals,
Western District.

Aug. 20, 2013.

Todd Smith, Jefferson City, MO, for Respondent.

Dan K. Purdy, Osceola, MO, for Appellant.

Before Division One VICTOR C. HOWARD, P.J., JOSEPH M. ELLIS, and ANTHONY REX GABBERT, JJ.

ANTHONY REX GABBERT, Judge.

Jimmy Joe Crews (Crews) appeals the circuit court's judgment finding him guilty of second-degree domestic assault. Crews raises two points on appeal. In his first point, he argues that the circuit court erred in finding that his wife, Trudy Crews ("Wife"), was unavailable to testify. He contends that the State failed to show due diligence in producing her presence at trial and that she was not properly subpoenaed. In his second point, Crews argues that the circuit court erred in allowing, over his objection, the testimonial hearsay of Wife's Medicaid case manager. He contends that these statements fall within no recognized hearsay exception and he was denied the right to cross-examine Wife regarding her purported statements. We reverse and remand.

### Factual Background

On May 12, 2011, Wife had hip surgery to repair a broken hip suffered from falling. Sometime prior to the surgery, Wife was assigned a Medicaid case manager to help her with her various health issues. Approximately three weeks after her surgery, the case manager stopped by the Crewses' home to see how Wife was doing. The case manager noticed that Wife

looked "absolutely horrible" and had a black eye and bruised arms. After Crews left the house, Wife began to cry and told the case manager that her injuries were the result of Crews pushing her down. Wife also told the case manager that she could not take the abuse anymore and wanted a divorce. Later that day, the case manager and her colleague took Wife to the police station for an interview. Crews was later arrested and charged with second-degree domestic assault.

Crews's bench trial began with the prosecutor's announcement that Wife was not present and would not be testifying. A lengthy bench conference followed regarding the admissibility of other witnesses testifying as to what Wife had said. The court allowed the State to proceed with the testimony of the case manager and her colleague despite multiple objections by Crews. In his defense, Crews presented no testimony and no evidence other than a letter, allegedly from Wife, stating that she would not testify against him and that Crews was not responsible for her injuries. Crews was found guilty of second-degree domestic assault. He was sentenced to a five-year prison term, the execution of which was suspended. Crews appeals.

Crews raises two points on appeal. Finding his second point dispositive, we need not address his first point. In his second point, Crews argues that the circuit court erred in allowing, over his objection, the testimonial hearsay of Wife's Medicaid case manager. He contends that these statements fall within no recognized hearsay exception and he was denied the right to cross-examine Wife regarding her purported statements. We agree that the testimony of Wife's Medicaid case manager constituted inadmissible, prejudicial hearsay.

## Standard of Review

■ "The standard of review for the admission of evidence is abuse of discretion." *State v. Reed,* 282 S.W.3d 835, 837 (Mo. banc 2009) (citing *State v. Freeman,* 269 S.W.3d 422, 426 (Mo. banc 2008)). "This standard gives the trial court broad leeway in choosing to admit evidence; therefore, an exercise of this discretion will not be disturbed unless it 'is clearly against the logic of the circumstances.'" *Freeman,* 269 S.W.3d at 426–27 (quoting *State v. Forrest,* 183 S.W.3d 218, 223 (Mo. banc 2006)). "Before evidentiary error can result in reversal, prejudice must be demonstrated." *State v. Steele,* 314 S.W.3d 845, 850 (Mo.App.2010) (citations omitted).

## Physician Hearsay Exception

■ The State argues that this testimony was admissible under the physician hearsay exception. "Hearsay is an out-of-court statement offered to prove the truth of the matter asserted in that statement." *Doe v. McFarlane,* 207 S.W.3d 52, 72 (Mo. App.2006). In order for a hearsay statement to be admissible, the statement must meet the requirements of one of the exceptions. *Id.* One of these exceptions pertains to statements made to a physician as long as the "statements are reasonably pertinent to diagnosis and treatment." *Breeding v. Dodson Trailer Repair, Inc.,* 679 S.W.2d 281, 285 (Mo. banc 1984). This treating physician hearsay exception has been expanded to cover statements made to "a nurse for the doctor's use in treating the speaker." *State v. Gonzales,* 652 S.W.2d 719, 724 (Mo.App.1983). Thus, any out-of-court statements made to a physician or his nurse that are reasonably pertinent to diagnosis and treatment of the declarant will be admissible even though it is hearsay.

■ The out-of-court statements at issue in this case regard statements Wife made to her Medicaid case manager. Wife told the case manager that her broken hip, black eye, and bruised arms were the result of Crews pushing her to the ground. The prosecutor at trial called the case manager to testify about these statements. The prosecutor offered the out-of-court statements Wife purportedly made to the case manager as truth to prove that Crews pushed her down, breaking her hip and causing injury to her face. Because they were offered to prove the truth of the matter asserted, they were hearsay.

■ At trial, Crews objected to these statements as hearsay. In response to the objection, the prosecutor argued that the "healthcare provider"[1] exception to the hearsay rule applied. The court overruled Crews's objection and allowed the case manager to testify regarding Wife's statements. On appeal, Crews argues that the court erred in allowing into evidence the statements Wife purportedly made to her case manager because they do not fall within the physician hearsay exception. We agree.

■ The physician hearsay exception is a narrow exception in that it does not cover any and all statements made to a treating physician or his or her nurse. *Gonzales,* 652 S.W.2d at 724; *Breeding,* 679 S.W.2d at 285. Rather, the exception only covers statements that are reasonably pertinent to medical diagnosis and treatment. *Breeding,* 679 S.W.2d at 285. Here, the case manager is neither a physician nor a nurse. The case manager's role was not to diagnose or treat. The case manager testified at trial that her job is to contact individuals on Medicaid that have

terminal or chronic medical conditions to assess what services the individual might need. There is no evidence in the record that the case manager had medical training to diagnose or treat patients. The record reflects that the case manager's purpose for visiting Wife three weeks after Wife's hip surgery was to assess what services Wife might have been in need of post-surgery. Thus, the out-of-court statements made by Wife to her Medicaid case manager do not qualify under the physician hearsay exception.

■ Additionally, "statements regarding the identity of an alleged perpetrator are not admissible under the exception because these statements are not relevant to diagnosis or treatment." *Steele,* 314 S.W.3d at 850. Here, the case manager's testimony was that Wife stated that Crews was the cause of Wife's injuries and that she wanted a divorce. These statements were not made for medical diagnosis or treatment but rather were identifying Crews as the perpetrator of the injuries. Therefore, even if Wife's statements had been made to a physician or nurse, they still would have likely been inadmissible under the physician hearsay exception because of their irrelevance to medical diagnosis and/or treatment. Therefore, the court erred when it admitted the hearsay statements.

■ However, even if the court erred in admitting the hearsay evidence, "[i]n a judge tried case, we presume that the trial judge was not prejudiced by inadmissible evidence and was not influenced by it in reaching a judgment unless it is clear from the record that the trial judge considered and relied upon the inadmissi-

---

1. While the prosecutor denominated the exception the "healthcare provider exception," it is more accurately termed the "physician hearsay exception." "Healthcare provider" implies that this hearsay exception is broad when, to the contrary, the exception is quite narrow.

ble evidence." *State v. Anders,* 975 S.W.2d 462, 466 (Mo.App.1998) (internal citation omitted). Here, it is clear from the record that the trial judge considered and relied upon the hearsay evidence in reaching his verdict.

THE COURT: The Court is going to find Mr. Crews guilty of the charge. Even taking Exhibit 2 in as evidence, I don't find that it is credible. And the Court chooses not to believe her, in effect, recanting of her allegations.

Exhibit 2 is a letter Wife purportedly wrote wherein she recanted statements she may have made to the case manager. The only "allegations" put into evidence that Exhibit 2 could discredit, come solely from the Medicaid case manager's hearsay testimony regarding statements Wife made to her regarding Crews. The court found the hearsay statements more credible than a letter that was purportedly written by Wife, the individual who made the original statements. Moreover, the hearsay testimony by the case manager was the only evidence at trial that directly connected Crews to Wife's injuries. Therefore, we find that Crews was prejudiced by the inadmissible hearsay evidence.

We conclude, therefore, that the circuit court erred in allowing into evidence, over Crews's objection, alleged statements made by Wife to her Medicaid case manager. The statements constituted inadmissible, prejudicial hearsay. We reverse the circuit court's judgment and remand for a new trial.

All concur.