STATE of Missouri, Respondent,

v.

Sherard HENDERSON, Appellant.

No. ED 98281.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 8, 2013.

Gwenda R. Robinson, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Presiding Judge.

The defendant, Sherard Henderson, appeals the judgment entered by the Circuit Court of the City of St. Louis following his conviction by a jury of one count of unlawful possession of a firearm, in violation of section 571.070 RSMo. (Supp.2012). The trial court sentenced the defendant as a persistent felony offender to a five-year term of imprisonment. The defendant claims the trial court abused its discretion when it admitted into evidence the defendant's booking form and a police detective's testimony about acquisition of the information on the form because the State failed to disclose the document before trial, in violation of Rule 25.03(A), and fundamental unfairness resulted. Because we conclude that admission of the booking form into evidence without its timely disclosure resulted in fundamental unfairness to the defendant, we reverse and remand for a new trial.

Police conducted surveillance of an address on Rutger Street in the City of St. Louis based on information received from a confidential informant. Police observed the defendant at the target residence the one time they conducted surveillance. The defendant's vehicle was registered to him at that address, and police believed that the defendant lived there with his girlfriend. The police obtained a search warrant and, on April 7, 2011, assembled for a search of the Rutger Street residence. Police located the defendant's vehicle a few blocks from the residence with a flat tire. Police detained the defendant as he approached his vehicle, read him his *Miranda* rights,[1] and conveyed him to the Rutger Street residence where they executed the search warrant.

Detectives Rudolph and Boettigheimer testified that they observed the butt of a rifle protruding from the top of the kitchen cabinets when they first entered the residence. Detective Rudolph testified that the defendant told him that he, the defendant, had found the rifle in a dumpster and put it in his home for protection. The defendant acknowledged to Detective Rudolph that he realized he was prohibited

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

from having a gun because of his status as a convicted felon. Examination of the rifle revealed that it was loaded with one cartridge in the chamber and eight in the magazine tube. Tests of the rifle established that it was operable. Police also seized a partially filled box of ammunition from the top of the kitchen cabinet.

During the search, police found certain paperwork naming the defendant and identifying his address as the Rutger Street address. The police found a red-light camera traffic ticket dated February 11, 2011, two months prior to the search. Detective Boettigheimer testified that red-light camera tickets are mailed to the address where the offending vehicle is registered. Police found other paperwork in the defendant's name, including a motor vehicle registration and unemployment and insurance paperwork. Some of this paperwork was dated March 2010. They also found an accident report from the St. Louis Metropolitan Police Department dated December 2010 and listing an address for the defendant on Oakwood Avenue. Detective Garcia, who assisted in the search of the residence, transported the defendant to the police station for booking where the defendant stated that his address was the Rutger Street residence.

On May 31, 2011, the defendant submitted a standard request for discovery to the State, requesting, *inter alia,* "[a]ny written or recorded statements and the substance of any oral statements made by the defendant or by any codefendant, a list of witnesses to the making, a list of witnesses to the acknowledgement of such statements and last known addresses of such witnesses[.]" The State did not disclose to the defendant the booking form containing the address provided by the defendant and his confirmation that the listed address was correct. The State did, however, endorse Detective Garcia as a witness.

In his opening statement made immediately after the State's opening statement, the defendant characterized the Rutger Street address as the residence of the defendant's girlfriend. After the State's first witness testified, the court adjourned for the evening. The following morning, the prosecutor disclosed to the trial court and defense counsel that she had just obtained the police booking form listing the defendant's address as the Rutger Street residence. The prosecutor stated that she obtained the booking form from police when it became apparent that the defendant was arguing he did not live at the Rutger Street address. Defense counsel objected to admission of the booking form and Detective Garcia's supporting testimony, but the trial court admitted the evidence. The trial court allowed defense counsel an opportunity to speak with Detective Garcia during a recess. Detective Garcia testified that he obtained information from the defendant for completing the booking form, and that the defendant provided the Rutger Street residence as his address. The defendant then reviewed and signed the booking form to confirm that the information on the form was correct.

The defendant asserts the trial court abused its discretion when it admitted into evidence State's Exhibit 26, the defendant's booking form and Detective Garcia's testimony about acquisition of information on the form because the State failed to disclose the document before trial, in violation of Rule 25.03(A), and fundamental unfairness resulted. The defendant maintains that because the booking form listed the defendant's address as the residence on Rutger Street where police found the rifle, and because the defendant signed the form the day of his arrest, thus certifying that his personal information listed on the form was correct, the booking form and

Detective Garcia's supporting testimony conclusively established for the jury the contested element of whether the police found the rifle in the defendant's residence.

 In reviewing an alleged discovery violation, we must answer two questions: first, whether the State's failure to disclose the evidence violated Rule 25.03, and second, if the State violated Rule 25.03, then what is the appropriate sanction the trial court should have imposed. *State v. Zetina–Torres*, 400 S.W.3d 343, 353 (Mo.App. W.D.2013). We review for an abuse of discretion. *Id.* A trial court abuses its discretion where admission of the evidence results in fundamental unfairness to the defendant. *Id.* Fundamental unfairness occurs when the State's failure to disclose results in the defendant's "genuine surprise," and the surprise prevents meaningful efforts to consider and prepare a strategy to address the evidence. *State v. Thompson*, 985 S.W.2d 779, 785 (Mo. banc 1999); *Zetina–Torres*, 400 S.W.3d at 353–54.

 The defendant submitted a standard request for discovery to the State, requesting, *inter alia*, "[a]ny written or recorded statements and the substance of any oral statements made by the defendant." Rule 25.03 provides in relevant part that the State shall, upon written request from the defendant's counsel, disclose such material and information within its possession or control designated in said request, including any written or recorded statements and the substance of any oral statements made by the defendant, and any papers or documents obtained from or belonging to the defendant that the State intends to introduce into evidence at trial. Rule 25.03(A)(2) and (6). The duty to disclose includes not only information actually known to the prosecutor, but also information that she may learn through rea-

sonable inquiry. *State v. Rippee*, 118 S.W.3d 682, 684 (Mo.App. S.D.2003). "The purpose of discovery is to provide the defendant with an appropriate opportunity to avoid surprise and to prepare for trial in advance." *Id.* If at any time during the proceeding, it comes to the court's attention that a party has failed to comply with an applicable discovery rule, the court may order disclosure of the material and information not previously disclosed, grant a continuance, exclude such evidence, or enter such other order as the court deems just under the circumstances. Rule 25.18.

 "Statements" for purposes of discovery pursuant to Rule 25.03(A)(2) are not limited to statements made to police during custodial interrogation. *See, e.g., State v. Willis*, 2 S.W.3d 801 (Mo.App. W.D.1999)(defendant's letters written to wife from jail treated as statements that State should have timely disclosed); *State v. Scott*, 943 S.W.2d 730 (Mo.App. W.D. 1997)(State should have disclosed defendant's oral statements to lay witnesses admitting his guilt). The State violated Rule 25.03(A)(2) by failing to timely disclose the booking form in response to the defendant's discovery request and waiting until after trial began to disclose the form.

 The next question is whether the trial court's admission of the booking form constituted an abuse of discretion resulting in fundamental unfairness. To establish fundamental unfairness, the defendant must show that the State's failure to disclose resulted in the defendant's "genuine surprise," and that the surprise prevented meaningful efforts to consider and prepare a strategy to address the evidence. *Thompson*, 985 S.W.2d at 785. The State's "failure to produce a statement of the accused is in a different category from failure to disclose a witness or a photograph." *Willis*, 2 S.W.3d at 807.

Because they carry such great weight with the jury, inculpatory statements demand disclosure, and a violation of the rule of disclosure requires examination with grave suspicion. *Id.* We conclude that admission of the untimely disclosed evidence resulted in fundamental unfairness to the defendant.

■ The State suggests several counterarguments to the defendant's allegation of untimely disclosure and resulting fundamental unfairness. First, the State maintains that the prosecutor had no intention of introducing the booking form into evidence until after the first day of trial, and that the prosecutor immediately disclosed the form once she received it from police. While Rule 25.03(A)(6) requires the State to produce, *inter alia,* papers and documents obtained from the defendant when the State intends to introduce such evidence at the hearing or trial, disclosure of statements of the defendant is not so limited under the plain language of Rule 25.03(A)(2). Upon request, the State is to disclose "[a]ny written or recorded statements and the substance of any oral statements made by the defendant." Rule 25.03(A)(2). Furthermore, the duty to disclose includes not only information actually known to the prosecutor, but also information that she may learn through reasonable inquiry. *Rippee,* 118 S.W.3d at 684. We are unimpressed with the pretrial preparations of both counsel for the State and the defense. Obviously, the police will complete a booking form when they have made a custodial arrest as they did here. And counsel for each party should have foreseen the booking form's relevance where the defendant's residence and possession of a gun found in the residence were in dispute and were central to the question of the defendant's guilt. That the State did not initially intend to use the booking form does not excuse its failure to timely disclose the form as a statement made by the defendant.

■ The State next argues that while the prosecutor was unaware of the specific information on the booking form and its significance to the trial, defense counsel could not have been surprised by the existence of the booking form. However, "[i]f the State can be forgiven its duty to disclose a statement of the accused on the basis that the accused must have already known about the statement because he made it, then we will have eviscerated Rule 25.03(A)(2)." *Willis,* 2 S.W.3d at 808.

■ Third, the State argues that other evidence presented at trial, such as the papers found in the house during the search, showed the defendant's address to be the residence on Rutger Street. The most recent paperwork police found in their search of the Rutger Street residence, however, was dated two months before discovery of the rifle at the residence and was simply mailed to the address where the defendant's vehicle was registered. Some paperwork listed a different address altogether for the defendant. It is true that other evidence strongly implicated the defendant, namely his oral statements to police. However, this does not absolve the State of its duty to disclose statements of the defendant. "If clear violations are condoned, then any unfairness, even the accused's due process rights, can be swept aside by saying the evidence against the convicted person was so strong there would be no change in the outcome." *Id.* at 805.

■ The State next contends that the defendant fails to explain how the late disclosure prevented meaningful efforts to consider and prepare a strategy to address the evidence. The defendant contends that defense counsel's choice of argument, strategy, and advice, as well as the defen-

dant's decisions regarding his rights to jury trial and to testify might have been different but for the State's untimely disclosure. He argues that he might have placed less emphasis on the State's evidence of his address and might have challenged the State's evidence of the defendant's constructive possession of the rifle. A defendant is entitled to a decent opportunity to prepare in advance for trial. *Id.* at 806. Missouri courts have consistently reversed convictions based on a defendant's statement that the prosecutor failed to disclose in violation of Rule 25.03(A)(2). *Id.* Nevertheless, the State argues that the defendant has failed to articulate prejudice. The State argues, in effect, that although it had months to prepare its case using information available to it, a few minutes during trial should suffice for the defendant.

We agree with the defendant that the booking form was the State's most damning documentary evidence that he actually lived at the residence where police found the rifle. By the time the State disclosed the booking form, the defendant had already committed in his opening statement to the jury to the theory of defense that he did not live at the residence where police found the rifle. The State was in the middle of its case-in-chief. The timing crippled the defendant's theory of defense and left defense counsel with no time to investigate and employ another strategy. The State's disclosure of the booking form at that late juncture deprived the defendant of a decent opportunity to prepare in advance for trial. Defense counsel was unquestionably disadvantaged by the untimely disclosure of the defendant's own statement regarding his place of residence. The defense simply lacked sufficient time to prepare to address the new evidence.

The State then argues that the defendant's failure to request a continuance or other relief short of excluding the booking form discredits his claim of prejudice. Nonetheless, we reiterate that failure to produce a statement made by the defendant is uniquely prejudicial compared to failure to disclose a witness or photograph, for example, because of the great weight that the defendant's inculpatory statements carry. *Id.* at 807.

Finally, the State seeks to distinguish the prosecutor's lack of disclosure in this case with cases cited by the defendant involving "egregious" violations of the discovery rules. That the lack of disclosure here may have resulted from oversight rather than an intent to surprise the defense does not change our conclusion.

In short, where the State had ten months to prepare its case, the defense had no time to develop a defense to the most incriminating evidence of the trial, which the State first produced mid-trial. Accordingly, we find fundamental unfairness and surprise that prevented a meaningful defense. The trial court abused its discretion in denying the defendant's request to exclude the evidence. We reverse the judgment of the trial court and remand the cause for a new trial.

ROBERT G. DOWD, JR. and SHERRI B. SULLIVAN, JJ., concur.