

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI,           )
                                   )
          Respondent,      )
                                   )
   vs.                        )      No. SD33261
                                   )
CARVELLE D. HENDERSON,   )      FILED: August 4, 2015
                                   )
          Appellant.       )

### APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable William E. Hickle, Judge

### AFFIRMED AND REMANDED WITH DIRECTIONS

Carvelle Henderson was sentenced to concurrent five-year terms for burglary and sexual abuse, plus 15 years consecutive on attempted forcible sodomy, following convictions for pushing his way into his friend S.W.'s home and forcing himself on her. We affirm these convictions and sentences, but remand to correct a clerical error in the written judgment.[1]

---

[1] Statutory citations and rule references are to RSMo 2000 and Missouri Court Rules (2013) respectively. Unless otherwise indicated, all citations were accessed via Westlaw or LEXIS. For convenience, we take Henderson's three points out of order.

## Plain Error Complaint

Section 558.026.1 mandated consecutive sentencing if Henderson committed any offense "during or at the same time as" his attempt to commit forcible sodomy. The trial court ran Henderson's latter sentence consecutively as the prosecutor and defense counsel agreed was required.

Charging plain error, Henderson reasons that his crimes occurred at different times so the statute would not apply and consecutive sentencing was not required. He claims the burglary was a completed crime when he entered S.W.'s home, before he shoved her down and sexually assaulted her. He also claims the state failed to prove, as emphasized in his brief, that he "put his mouth on [S.W.]'s breast *while* he was trying to insert his fingers into her vagina."[2] He seeks remand for the trial court to "exercise its judicial discretion" on consecutive sentencing, suggesting that counsel at sentencing may have misled the court as to § 558.026.1's scope.

We reject Henderson's statutory interpretation. Duration of an offense may and often will extend past the instant of the crime's final element. Consider these analogies:

- Assault may be prosecuted once the first blow lands, yet the crime goes on as the beating continues. As long as the pummeling lasts, the victim is still being assaulted.

- Trespass, complete upon the first unauthorized step, continues until the intruder leaves the property.

---

[2] We disagree and could deny plain error relief for this reason alone. Simultaneity is a reasonable inference from testimony that Henderson held S.W. down, forced her shirt up and began sucking on her nipple, and also then tried to force her legs apart.

- Burglary may occur as soon as a thief breaks into an office tower intending to steal, but as he goes from office to office and floor to floor, the place is still being burglarized.

Similarly, this burglary was in progress *from* Henderson's forced entry with criminal intent *until* he fled the premises after committing sex crimes. Consecutive sentencing per § 558.026.1 was not error, plain or otherwise. Point denied.

## *Brady* Claim

Before we reach Henderson's *Brady* claim,[3] we must address the state's claim that we cannot consider this point, save perhaps for plain error, it having been asserted over 25 days following the verdict.

### *State's Procedural Complaint Rejected*

Following the jury verdicts, the defense sought and was granted all 25 days allowed under Rule 29.11(b) for after-trial motions. There was a timely motion for judgment of acquittal, but none for new trial because, as defense counsel later put it, "we didn't perceive any mistakes." Only after the 25 days did counsel discover a *Brady* issue and submit a "Motion for New Trial Based on Newly Discovered Evidence Filed Out of Time."

"*Generally*, the circuit court has no authority to waive or extend the time for filing a motion for new trial beyond the time set forth in Rule 29.11(b)." **State v. Ess**, 453 S.W.3d 196, 201 (Mo. banc 2015) (our emphasis); *see also* **State v. Langston**, 229 S.W.3d 289, 294 (Mo.App. 2007). Jurisdiction is not the problem, *see* **J.C.W. ex rel. Webb v. Wyciskalla**, 275 S.W.3d 249, 251-54 (Mo. banc

---

[3] **Brady v. Maryland**, 373 U.S. 83 (1963), discussed *infra*.

2009),[4] nor does the state so claim. What we found in **State v. Jacobs**, 421 S.W.3d 507, 509-12 (Mo.App. 2013), and the Western District confirmed in **State v. Oerly**, 446 S.W.3d 304, 307-10 (Mo.App. 2014), regarding Rule 29.11(c) also fits Rule 29.11(b) – noncompliance may be error, but is not a jurisdictional defect that renders prior actions "void" or "nullities."

Of course, error need not be jurisdictional to warrant appellate consideration. Per **Ess** and many other cases, claims or arguments for a new trial generally must be asserted within 25 days post verdict. This one was not. On the other hand, it is well understood that parties should not charge error they invited, or complain that a court did what they asked, or argue one way to win at trial and the opposite to try to win on appeal, all of which the state does here.

The state, presumably for its own purposes, *twice* pressed the trial court to consider the untimely *Brady* claim. Both times, the state urged this even before defense counsel did.[5] If a criminal "statute of limitations is non-jurisdictional and

---

[4] Several prior cases, most predating **J.C.W.**, erroneously treated Rule 29.11 time frames as jurisdictional. *See, e.g.*, **Langston**, 229 S.W.3d at 294 (trial court "lacked the jurisdiction" to grant untimely new trial motion pursuant to Rule 29.11(b)).

[5] Before the sentencing hearing, the trial court noted both defense motions (for judgment of acquittal and "for a new trial based on newly discovered evidence filed out of time") and asked for the state's position. This colloquy followed:

> [PROSECUTOR]: Judge, I believe -- or the State believes that properly those motions should be filed as and considered by the Court as post-trial motions pursuant to Rule 29.11, and we consent to the Court considering both of those motions as such.
>
> THE COURT: Is that acceptable with the Defense?
>
> [DEFENSE COUNSEL]: Yes, Judge.

The state again volunteered this position after defense counsel admitted this *Brady* claim was "out of time because, it's past the original 25 days."

4

can be waived," ***Longhibler v. State***, 832 S.W.2d 908, 911 (Mo. banc 1992), the state also could waive Rule 29.11(b)'s non-jurisdictional deadline here.

Having convinced the trial judge that Rule 29.11(b) was no bar to reaching and ruling the state's way on this issue, the state cannot now argue otherwise in seeking to limit our review of that ruling.

*Henderson's Brady Complaint*

Failure to disclose evidence favorable to the defense "violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." ***Brady***, 373 U.S. at 87. This includes both exculpatory and impeachment evidence, even if the defense never requests it. ***Strickler v. Greene***, 527 U.S. 263, 280 (1999).[6]

Henderson complains that the state did not disclose that its witness Kelley testified while facing a felony check charge filed by the same prosecutor's office. After defense counsel learned this, from seeing Kelley in court several weeks later, he filed his new trial motion (*see supra*) claiming the state had portrayed Kelley as a

---

> THE COURT: Do you think it's something that we can considerate [*sic*] this point? I don't know if you can consider it as an amendment to your motion for judgment of acquittal which was filed on -- within the 25 days that you were granted.
>
> [DEFENSE COUNSEL]: Right.
>
> [PROSECUTOR]: Have no objection to that, Judge, that it be considered as an amendment to the original post-trial motion.
>
> THE COURT: Okay. All right. Go ahead.

[6] *Brady* obligations thus differ from those under our Rule 25.03, as was detailed in ***State v. Moore***, 411 S.W.3d 848, 852-54 & n.2 (Mo.App. 2013). Henderson does not claim Rule 25.03 was violated, only *Brady*, so we limit our analysis accordingly.

pillar of the community, which the defense could have assailed had it known Kelley had a charge pending.

The court denied relief, which we affirm, finding no *Brady* prejudice.

*Brady – Material Evidence and Prejudice*

In *Brady*'s context, "material" evidence denotes a reasonable probability that disclosure would have changed the verdict. ***Strickler***, 527 U.S. at 280. Strictly speaking, there is no *Brady* violation absent this reasonable probability. ***Id***. at 281. Materiality in this sense is interchangeable with prejudice, ***Moore***, 411 S.W.3d at 856, as ***Strickler*** confirmed in describing "three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." 527 U.S. at 281-82.[7]

Henderson, in effect, strongly argues these first two elements, but barely touches on prejudice where his problem lies. We can find *Brady* prejudice (or materiality) only if nondisclosed evidence could reasonably be taken to cast the whole case in such different light as to undermine our confidence in the verdict. ***Moore***, 411 S.W.3d at 856. That was not so in ***Moore*** and is not so here.

Henderson swore he never saw S.W. that day. Yet when officers found him after the crime, he was dressed precisely as S.W. had described. This alone tends to settle who was lying about Henderson bursting into S.W.'s home that evening. Add

---

[7] This concise description by the Supreme Court seems preferable to reformulations attempted in later Missouri opinions.

Henderson's police interview (video seen by the jury and this court); that some (perhaps much) of Kelley's testimony was cumulative; and that the defense did not deem Kelley among the most important witnesses during trial. Given these factors and the other evidence, our confidence in the verdict is not shaken by non-disclosure of a charge against Kelley involving two $20 checks.

Henderson does not convince us, or even argue at any length, that a different verdict was reasonably probable had this charge been disclosed. We deny this point for failure to establish a *Brady* violation. **Moore**, 411 S.W.3d at 856-57.

### Clerical Error

The written sentence and judgment declare Henderson guilty of forcible sodomy, not *attempted* forcible sodomy as charged, reflected in the jury's verdict, and confirmed and orally pronounced by the trial court at sentencing. Henderson seeks remand to correct the written judgment. The state concurs.

We agree. Failure to accurately record Henderson's conviction was a clerical error correctable *nunc pro tunc.* **State v. Woods**, 357 S.W.3d 249, 256 (Mo.App. 2012). Remand is appropriate. **Id**. Point granted.

### Conclusion

We remand with directions solely to correct the written judgment to reflect that Henderson was convicted of attempted forcible sodomy, not forcible sodomy. In all other respects, the judgment and convictions are affirmed.

DANIEL E. SCOTT, P.J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MARY W. SHEFFIELD, C.J. – CONCURS