

# Missouri Court of Appeals

### Southern District

### Division One

STATE OF MISSOURI, )
)
    Plaintiff–Respondent, )
)
vs. ) No. SD33566
)
JAMES ROBERT CROCKER, ) **Filed:  December 9, 2015**
)
    Defendant–Appellant. )

APPEAL FROM THE CIRCUIT COURT OF CRAWFORD COUNTY

Honorable Kelly W. Parker

## **AFFIRMED**

James Robert Crocker ("Defendant") appeals from his conviction for second-degree murder.  *See* § 565.021, RSMo (2000).  Defendant raises two points on appeal:  (1) that the trial court erred in denying his request for a continuance filed on the morning of trial and (2) that the trial court plainly erred in admitting certain deposition testimony during the sentencing phase of the trial.  These claims are without merit, and we affirm the trial court's judgment.

## Factual and Procedural Background

Defendant owned a house and some property next to the Meramec River and maintained two keep-out signs on the property near the river. On July 20, 2013, Defendant encountered a group of canoers who had stopped on a sand bar near Defendant's property. Although no one in the group went past the posted keep-out signs, Defendant told them that they were trespassing and demanded that they leave. Ultimately, Defendant shot one of the canoers in the face, killing the man instantly. Subsequently, the county surveyor took measurements at the scene and determined the incident occurred at a location approximately 50 feet from the river and 381 feet beyond Defendant's property line.

Defendant was charged with one count of second-degree murder. The prosecution filed motions to endorse additional witnesses on February 6, 2014, on March 18, 2014, and on April 8, 2014. One of the witnesses included in those motions was Gerald Carrell ("Mr. Carrell"). Although defense counsel received notice, defense counsel did not appear at either of the hearings regarding the prosecution's motions, and the trial court sustained the motion to endorse Mr. Carrell.

On Monday morning before trial, defense counsel filed a motion for continuance. In that motion he argued he needed more time to prepare to meet Mr. Carrell's testimony because the prosecution had not disclosed the content of Mr. Carrell's proposed testimony until the Friday prior to trial. The trial court denied the motion for continuance, and Defendant was tried by a jury on May 12 through May 14, 2014. Mr. Carrell testified during the prosecution's rebuttal case stating that Defendant told Mr. Carrell that Defendant was ex-military and "that

if he pulls his gun he's going to use it." The jury found Defendant guilty as charged. During the penalty phase, the prosecution again used Mr. Carrell's testimony, this time by reading portions of Mr. Carrell's deposition into the record.

The jury recommended a sentence of 25 years in the Department of Corrections. The trial court sentenced Defendant in accordance with the jury's recommendation, and Defendant appeals.

## **Point I:  Continuance**

In his first point, Defendant argues the trial court erred when it denied his motion for continuance because defense counsel did not have sufficient time to investigate Mr. Carrell or his testimony in light of the late disclosure of the content of Mr. Carrell's proposed testimony. This claim is without merit.

The following additional facts are relevant to this claim. The parties discussed Defendant's motion for continuance at length at the pretrial conference on the morning of trial. Defense counsel stated that he had received an email from the prosecutor regarding Mr. Carrell's proposed testimony only the Friday before trial was to begin and that he could not view the content of the proposed testimony because a link in the email did not work. The prosecutor explained that he had not been able to talk with Mr. Carrell earlier because Mr. Carrell had pending criminal charges and was represented by counsel. The prosecutor also explained he had forwarded the information regarding the proposed content of Mr. Carrell's testimony to defense counsel by both fax and email as soon as the State had received it. The prosecutor further stated he did not plan to use Mr. Carrell's testimony in his case in chief but would only use Mr. Carrell as a rebuttal

3

witness if Defendant testified. Defense counsel continued to object, stating that he wanted to set up a deposition and that he wanted to know whether the prosecution had arranged a plea agreement with Mr. Carrell. The prosecutor denied any plea agreement with Mr. Carrell.

Ultimately, the trial court stated it did not believe there had been a discovery violation because the prosecutor had forwarded the information as soon as it had become available and because the defense had knowledge that Mr. Carrell would be a witness since at least as early as April 8, 2014. The trial court denied the motion for continuance. The trial court further ordered that the prosecution could not mention Mr. Carrell in opening statement or in its case in chief. The trial court also ordered the prosecuting attorney to work with defense counsel to arrange for a deposition of Mr. Carrell sometime before Mr. Carrell would be called as a witness. A deposition was taken one evening during the course of the three-day trial. Both attorneys received a transcript of the deposition testimony the next morning before Mr. Carrell testified.

We begin our analysis by noting that Defendant's claim as regards this point is not preserved for appellate review because his motion for new trial was not timely filed.[1] *See* Rule 29.11(b);[2] **State v. Shinn**, 420 S.W.3d 619, 628 (Mo. App. S.D. 2013). "Plain error review is used sparingly and is limited to those

---

[1] In an attempt to avoid this conclusion, Defendant cites **State v. Henderson**, 468 S.W.3d 422 (Mo. App. S.D. 2015), in support of his argument that the State waived compliance with the time limits of Rule 29.11(b) when the prosecutor stated he had no objection to the trial court's consideration of Defendant's untimely motion. However, **Henderson** is factually distinguishable from the present case. In **Henderson**, the trial court indicated a reluctance to consider the untimely motion, and the prosecution "*twice* pressed the trial court to consider the untimely **Brady** [*v. Maryland*, 373 U.S. 83 (1963)] claim." **Id.** at 425. That is, **Henderson** was decided on principles of invited error, rather than waiver. **Id.** Here, in contrast, the prosecutor did not urge the trial court to commit error, but merely stated no objection.
[2] All rule references are to Missouri Court Rules (2015).

4

cases where there is a clear demonstration of manifest injustice or miscarriage of justice." **State v. Parker**, 208 S.W.3d 331, 334-35 (Mo. App. S.D. 2006). Plain error review involves two steps. **Id.** at 335. First, the court determines "whether there is, indeed plain error, which is error that is 'evident, obvious, and clear.'" **Id.** (quoting **State v. Roper**, 136 S.W.3d 891, 900 (Mo. App. W.D. 2004)). If such error appears, the court moves on to the second step in which the court "considers whether a manifest injustice or miscarriage of justice has, indeed, occurred as a result of the error." **Id.** (quoting **Roper**, 136 S.W.3d at 900).

The trial court in this case did not plainly err in denying Defendant's motion for continuance because the trial court provided sufficient remedies for the prosecution's disclosure of the proposed content of Mr. Carrell's testimony. The rules for discovery in criminal cases require the prosecution to disclose many things, including any statements of the defendant which the State intends to use at trial. Rule 25.03(A)(2). Where a party fails to comply with the discovery rules, "the court may order such party to make disclosure of material and information not previously disclosed, grant a continuance, exclude such evidence, or enter such other order as it deems just under the circumstances." Rule 25.18.

Here, the trial court correctly found there was no discovery violation because the prosecution provided the information to the defense as soon as it became available to the prosecution. *See* **State v. Deason**, 240 S.W.3d 767, 774 (Mo. App. S.D. 2007) ("Rule 25.03 imposes no obligation on the State to disclose evidence that it does not possess."). Nevertheless, the trial court, in an abundance of caution, ordered an appropriate remedy for Defendant. The State was prohibited from using the information in its case in chief, and the defense

5

was given the opportunity to depose Mr. Carrell before the State would be permitted to use any of Mr. Carrell's testimony. Similar measures have been found sufficient to remedy any problems caused by untimely disclosures by the State. *See, e.g.*, **State v. Carlisle**, 995 S.W.2d 518, 521-22 (Mo. App. E.D. 1999); **State v. Cartwright**, 17 S.W.3d 149, 154 (Mo. App. E.D. 2000); **State v. Merrick**, 677 S.W.2d 339, 343 (Mo. App. E.D. 1984).

The trial court did not plainly err in denying Defendant's motion for continuance. Defendant's first point is denied.

## Point II: Sentencing Phase Evidence

In his second point, Defendant claims the trial court plainly erred in allowing the prosecutor to read portions of Mr. Carrell's deposition into evidence during the sentencing phase of trial because that evidence was hearsay. Although Defendant is correct that the evidence was hearsay, reversal is not warranted because Defendant failed to prove manifest injustice or miscarriage of justice as Mr. Carrell testified during the guilt phase of trial regarding the same matter.

The following additional evidence is relevant to the disposition of this claim. During the penalty phase after presenting victim impact evidence, the prosecutor announced his intention to read portions of Mr. Carrell's deposition testimony into the record. Defendant objected to the reading of Mr. Carrell's deposition because it was hearsay and because Mr. Carrell had "been available all week." The prosecutor responded that the deposition was sworn testimony and that "in sentencing it doesn't matter if it's hearsay." The trial court overruled the objection.

6

The prosecutor read the following testimony from Mr. Carrell's deposition regarding statements Defendant made to Mr. Carrell. When Mr. Carrell asked Defendant if Defendant would have done anything differently, Defendant said, "[h]e would make sure he shot all of them that way there wouldn't be any witnesses." Defendant told Mr. Carrell "he's a military man and if he pulls his gun he's going to kill somebody." Defendant also told Mr. Carrell "he would do it again" and he would "always protect his property and his rights."

Defendant concedes this claim is not preserved for appellate review because Defendant did not include the claim in his motion for new trial, and Defendant requests a plain error review. *See* ***State v. Bryant***, 362 S.W.3d 46, 50 (Mo. App. S.D. 2012). As stated above, plain error review involves a two-step analysis. ***State v. Thurman***, 272 S.W.3d 489, 496 (Mo. App. E.D. 2008). "The first step of this analysis is to determine whether the asserted claim of plain error facially establishes substantial grounds for believing a manifest injustice or miscarriage of justice has occurred." ***Id.*** Only where such grounds are found to exist should the court continue to the second step of the analysis in which the court considers "whether manifest injustice or a miscarriage of justice has actually occurred." ***Id.***

Regardless of whether this evidence should have been admitted, Defendant has failed to meet his burden of showing prejudice, much less the manifest injustice or miscarriage of justice that he must demonstrate to succeed under plain error review. "If hearsay testimony is erroneously admitted, the admission does not require reversal unless the defendant was prejudiced as a result." ***State v. Tindle***, 395 S.W.3d 56, 63 (Mo. App. S.D. 2013). "A defendant

7

is not prejudiced by hearsay testimony that is merely cumulative of evidence already before the trial court[.]" *Id.* (quoting *State v. Atkeson*, 255 S.W.3d 8, 11 (Mo. App. S.D. 2008)). "Indeed, 'prejudice will not be found from the admission of hearsay testimony where the declarant was also a witness at trial, testified on the same matter, and was subject to cross-examination because the primary defects in hearsay testimony are alleviated.'" *Id.* (quoting *State v. Steele*, 314 S.W.3d 845, 850 (Mo. App. W.D. 2010)).

In the present case, Mr. Carrell was present and testified at the guilt phase of this trial before the same jury which determined punishment. He testified regarding precisely the same matter covered in the deposition, *i.e.*, Defendant's statements regarding the incident at issue. To the extent that some of the statements included in the deposition varied from those presented during the guilt phase, Defendant had an opportunity to impeach Mr. Carrell during the guilt phase, and did so by showing Mr. Carrell was facing serious felony charges.

Even though the trial court incorrectly admitted Mr. Carrell's deposition during the penalty phase, the admission of Mr. Carrell's deposition did not result in manifest injustice or a miscarriage of justice. Defendant's second point is denied.

### Decision

The trial court's judgment is affirmed.


MARY W. SHEFFIELD, C.J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCURS

JEFFREY W. BATES, J. – CONCURS

8