

# In the Missouri Court of Appeals
# Eastern District
### DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED111602 |
| | ) | |
| Respondent, | ) | |
| | ) | Appeal from the Circuit Court of |
| vs. | ) | Clark County |
| | ) | 21SY-CR00074-02 |
| | ) | |
| MARTIN WRIGHT, | ) | Honorable Rickey R. Roberts |
| | ) | |
| Appellant. | ) | Filed: April 23, 2024 |

Before John P. Torbitzky, P.J., James M. Dowd, J., and Michael S. Wright, J.

**OPINION**

In this criminal case, appellant Martin Wright appeals his conviction of first-degree assault after he instigated a bar fight with another patron (Victim) during which he struck Victim with his fists and caused a serious injury to Victim's upper lip. In his sole point on appeal, Wright claims that the trial court abused its discretion by admitting into evidence Exhibit 23 – a photograph of Victim's lip shortly before reconstructive surgery – because the State disclosed the exhibit less than a week before trial despite Wright's Rule 25.03[1] discovery request made many months earlier. Wright claims he was prejudiced not only by the lateness of the disclosure, but because the pre-operative positioning of his lip made the injury look more "gruesome" than it was which inflamed the jury particularly since the critical issue in this case was whether Wright

---

[1] All rule references are to the Missouri Supreme Court Rules (2022) unless otherwise stated.

caused "serious physical injury" to Victim. We disagree and affirm because the State disclosed Exhibit 23 as soon as practicable, as required by Rule 25.08.

## Background

Viewing the evidence in the light most favorable to the verdict, the following evidence was adduced at trial:

On May 3, 2021, Wright and a friend drove to Buddy's Place, a bar in Lancaster, Missouri. Victim was already at the end of the bar speaking to a waitress when they arrived. Wright sidled up next to Victim as he spoke to the waitress. Victim told Wright to "back off" and "get out of his space." Wright declined and only returned to his seat after being asked to do so several times by Victim and the waitress. Wright then approached Victim again, placed his hand on Victim's shoulder, squeezed it, and said, "I'm going to hurt you." Victim again protested and Wright retreated. Wright approached Victim for a third time, grabbed his shoulder, and again threatened him. Victim jerked out of his seat, pushed Wright away from him, and turned away from Wright to leave the bar when Wright struck him with his fist causing Victim to fall. Wright repeatedly struck Victim until the waitress and another bar patron pulled him away.

After the assault, Victim assessed his injuries in the restroom and when he saw blood covering his face and a gash on his upper lip, he went to a nearby medical clinic which in turn directed him to go to the hospital. As Victim's cousin drove him to the hospital, Victim slumped over and started shaking. His cousin testified Victim lost consciousness as his eyes rolled back. He later underwent reconstructive surgery to repair the open wound to his upper lip.

The State charged Wright by information with the class A felony of first-degree assault. On June 4, 2021, over a year before trial began, Wright requested pursuant to Rule 25.03(b)(1)

2

any photographs that "relate to the offense for which defendant is charged." Less than a week before trial, the State disclosed five photographs of Victim's injuries including Exhibit 23, a pre-operative photograph of Victim's injury. Wright moved to exclude Exhibit 23 from evidence because its disclosure was untimely and it was more prejudicial than probative. Wright claimed that the lateness of the photo's disclosure – which showed the wound positioned in preparation for the surgery in a way that made the injury look worse than it was – deprived him of the opportunity to investigate and authenticate the photograph and to adduce medical evidence or testimony in response.

For its part, the State represented that Victim provided the photograph to the State shortly before trial. The prosecutor told the court that he disclosed the photograph to Wright's counsel via e-mail as soon as he received it and also telephoned counsel to ensure its receipt. Additionally, the State claimed that Exhibit 23 was necessary to show that Victim suffered a serious physical injury. The court agreed finding no discovery violation because the State disclosed the photograph as soon as it received it from Victim.

At trial, the court admitted Exhibit 23 over Wright's objection. The jury found Wright guilty of first-degree assault and the trial court followed the jury's sentencing recommendation of ten years in the Missouri Department of Corrections. This appeal follows.

**Standard of Review**

The trial court has the discretion to decide whether the State violated a rule of discovery. *State v. Johnson*, 513 S.W.3d 360, 364 (Mo. App. E.D. 2016). If a violation occurs, the trial court also has discretion in selecting an appropriate remedy. *State v. Willis*, 2 S.W.3d 801, 803 (Mo. App. W.D. 1999). "In reviewing an alleged discovery violation, [this Court] must answer two questions: first, whether the State's failure to disclose the evidence violated Rule 25.03, and

3

second, if the State violated Rule 25.03, then what is the appropriate sanction the trial court should have imposed." *State v. Henderson*, 410 S.W.3d 760, 764 (Mo. App. E.D. 2013).

We review the trial court's ruling for an abuse of discretion. *Willis*, 2 S.W.3d at 803. "An abuse of discretion occurs where the remedy selected results in fundamental unfairness to the defendant, or the outcome of the case has been altered." *Id.* Fundamental unfairness results when the State's failure to disclose evidence results in a defendant's "genuine surprise" and that surprise prevents defendant's "meaningful efforts to consider and prepare a strategy for addressing the evidence." *State v. Julius*, 453 S.W.3d 288, 296 (Mo. App. E.D. 2014). "[T]he question whether fundamental unfairness resulted turns on whether there was a reasonable likelihood that timely disclosure of untimely-disclosed evidence would have affected the result of the trial." *Johnson*, 513 S.W.3d at 365.

## Discussion

Wright claims that the trial court abused its discretion in admitting Exhibit 23 into evidence because the State violated the discovery rules when it disclosed the exhibit less than one week before trial despite Wright's longstanding discovery request for photographs. Wright also claims he was prejudiced because the critical issue in the case was whether Wright had caused Victim a "serious physical injury" and the photograph of Victim's lip which had been prepared for surgery showed an injury more severe than he had caused. We disagree.

Rule 25.03(b)(1) states that upon written request by defendant's counsel, the State is required to disclose photographs within its possession or control. Rule 25.02(b) states that discovery requests "shall be answered within fourteen days after service of the request." The purpose of Rule 25.03 is to provide the defendant with his due process rights "to prepare his case in advance of trial and avoid surprise." *Id.* However, these rules do not require the State to

4

disclose evidence that it does not have. *State v. Mabry*, 285 S.W.3d 780, 787 (Mo. App. E.D. 2009). Furthermore, Rule 25.08 states that if a party discovers new information or material that they are required to disclose after already complying with a previous request for disclosure, "the party shall furnish this additional information or material to opposing counsel as soon as practicable." Supplemental disclosure is timely if it eliminates surprise and allows parties sufficient time to prepare in advance of trial. *State v. Walkup*, 220 S.W.3d 748, 753 (Mo. banc 2007).

First, we find that the State's disclosure of Exhibit 23 less than a week before trial did not violate the discovery rules because it occurred as soon as the State obtained the exhibit from Victim. *State v. Pitchford*, 513 S.W.3d 693, 700-01 (Mo. App. E.D. 2017) (finding no discovery violation in part because the State disclosed jail recordings as soon as it had them in its possession and there was no evidence that the State intentionally surprised the defendant); *see also State v. Crocker*, 479 S.W.3d 174, 177 (Mo. App. S.D. 2015) (finding the court did not plainly err in denying defendant's motion for a continuance because it correctly found there was no discovery violation since the State provided the information to the defense as soon as it became available to the State and the trial court provided a sufficient remedy for the State's late disclosure).

Wright does not challenge whether the State disclosed the exhibit as soon as it obtained the exhibit. Instead, relying on Rule 25.03(h), he claims that the State had a duty to obtain the photograph from Victim through reasonable diligence. We disagree because under Rule 25.03(h), the State has the duty to "use diligence and make good faith efforts" to make the material available to the defendant *only* when the material is in the possession or control of *other government personnel* available to the defendant. *See also Merriweather v. State*, 294 S.W.3d

5

52, 55 (Mo. banc 2009). Here, the photographs were in the possession of the Victim, not government personnel. Therefore, we find that Rule 25.03(h) does not apply. Moreover, although this Court has found that the State has a duty to disclose any information that may be learned through reasonably inquiry, Wright has not shown that the State did not exercise its due diligence. *State v. Griest*, 670 S.W.3d 179, 189 (Mo. App. W.D. 2023) (quoting *State v. Rippee*, 118 S.W.3d 682, 684 (Mo. App. S.D. 2003)).

Lastly, Wright's claims that he was unable to adequately analyze the photograph and prepare medical evidence in response are undermined by Wright's decision not to seek a continuance but instead to solely seek to exclude the photograph. *State v. Bynum*, 299 S.W.3d 52, 62 (Mo. App. E.D. 2009) (this Court can consider the failure to move for a continuance in determining whether the trial court abused its discretion). In *State v. Zuroweste*, 570 S.W.3d 51, 61 (Mo. banc 2019), the Court found that if the defendant "truly needed additional time" to investigate the evidence at issue, a continuance would have remedied her concerns and because she did not request a continuance, "the credibility of her claim is shaken, and the circuit court did not abuse its discretion denying her request to exclude the evidence." Similarly, here we find that Wright has failed to show that the court abused its discretion in overruling his objection to the admission of Exhibit 23 because he has not shown that excluding the exhibit was justified over seeking a "simple continuance." *Id.* at 61-62.

### Conclusion

For the reasons set forth above, we find that no abuse of discretion occurred and affirm the trial court's decision.

_____
James M. Dowd, Judge

John P. Torbitzky, P.J., and
Michael S. Wright, J., concur.

6